■ STATE OF NEW YORK, Respondent, v. HORSEMEN'S BENEVOLENT AND PROTECTIVE ASSOCIATION (NEW YORK DIVISION) et al., Appellants.— Order entered August 1, 1969, unanimously affirmed, without costs and without disbursements. In the event plaintiff has not completed pretrial proceedings within 60 days from the date of the order filed herein, defendants may apply to the court to be relieved of the preliminary injunction or move for a preference. Concur — Eager, J. P., Capozzoli, Nunez, McNally and Tilzer, JJ.

■ JEANETTE SIEGEL, Respondent, v. MORRIS L. SIEGEL, Appellant.— Order entered June 5, 1968, denying defendant's motion to modify a judgment of separation and directing defendant to pay plaintiff the sum of $1,500 as and for a counsel fee, unanimously modified on the law and the facts to the extent of reducing the counsel fee to $1,000, and, as so modified, affirmed, without costs or disbursements. Defendant failed to establish a change of circumstances or financial grounds for relief in accordance with the averments of his moving papers. In our opinion, the award of a $1,500 counsel fee is excessive, and in light of all the facts disclosed in the record, the sum of $1,000 is sufficient compensation. Concur — Eager, J. P., Capozzoli, Nunez, McNally and Tilzer, JJ.

(Republished.)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HUGH ECHOLS, Appellant.— Judgment unanimously affirmed. No opinion. The order of this court entered on February 5, 1970 is vacated. Concur — Stevens, P. J., Eager, Markewich, Nunez and McNally, JJ. [33 A D 2d 1104.]

## (February 17, 1970)

■ CAROL GROSSMAN, Mother, on Behalf of ANDREW OSTROW, Appellant, v. WILLIAM OSTROW, Respondent.— Order of Family Court entered May 1, 1969, denying application of petitioner wife to fix and enforce arrears, temporarily modifying a previous support order, and denying application for additional counsel fees, unanimously modified on the law, to the extent of deleting provision directing reduction of weekly support, and otherwise affirmed, without costs or disbursements. The previous support order directing payment in the sum of $150 per week for the support of the child, in lieu of all other payments, was made pursuant to order of this court, February 10, 1969. (31 A D 2d 797.) And the payments were to be retroactive to May 24, 1968. Since the husband did not request or obtain a stay of the Family Court order, restitution or recoupment of payment made pursuant to it is not proper. "Temporary alimony paid pursuant to an order which is subsequently reversed may not be recovered by the husband either directly by restitution or indirectly by recoupment. (*Averett* v. *Averett*, 110 Misc. 584, affd. 191 App. Div. 948; *Haas* v. *Haas*, 271 App. Div. 107; see also, *Weitzenkorn* v. *Weitzenkorn*, 15 A D 2d 765.) " (*Baker* v. *Baker*, 17 A D 2d 924, 925.) The right to restitution or recoupment in cases of alimony, following reversal or modification, as herein, is not recognized. This, because right to support arises out of the policy of the law and not of contract. The same rationale applies to instances of child support and the elementary social obligation of a parent to support his own offspring. That too has already been judicially observed. (See *Glassman* v. *Glassman*, 41 Misc 2d 132.) Concur — Stevens, P. J., Eager, McGivern and Steuer, JJ.

■ J. C. PENNEY COMPANY, INC., Respondent, v. TEDDAM REALTY CORP., Appellant.— Order entered May 14, 1969, granting plaintiff summary judg-