(June 18, 1973)

■ JEANETTE ROSENBERG, Respondent, v. JACK ROSENBERG, Appellant.— Motion by defendant (1) for leave to reargue certain parts of an appeal from a judgment of the Supreme Court, Kings County, entered November 20, 1970, as amended by an order of said court, entered January 31, 1973, and (2) for restitution pursuant to CPLR 5523 for moneys paid by him pursuant to certain provisions of said judgment which were subsequently stricken or modified by this court on March 5, 1973 on the appeal from the judgment (*Rosenberg* v. *Rosenberg,* 41 A D 2d 745). The request for reargument specifically is as to so much of this court's determination as (1) affirmed the portions of the judgment which directed defendant to provide plaintiff with Blue Cross and Group Health insurance and to assign to plaintiff his $2,300 life insurance policy and (2) reduced an award of counsel fees to plaintiff. Motion denied and, on the court's own motion, its decision of March 5, 1973 is amended by striking item " (3) " from the second decretal paragraph thereof and by substituting therefor the following: " (3) reducing, in the eighth decretal paragraph thereof, the award of counsel fees from $2,500 to $1,684 and the portion thereof allocated to the firm of Zolotorofe & Oxenberg, Esqs., from $816 to $500, and striking from the said paragraph the following: ' to the firm of Sparrow & Sparrow, Esqs., the sum of $500.00 '." In our opinion, no satisfactory reason is advanced in defendant's moving papers for us again to review the decretal provision of the judgment directing him to provide plaintiff with Blue Cross and Group Health insurance. With respect to the matter of the life insurance policy, we note that both *Ostrom* v. *Ostrom* (270 App. Div. 872), cited by defendant, and our own very recent case of *Enos* v. *Enos* (41 A D 2d 642) are distinguishable from the instant case. Both those cases held that the courts had no authority under section 236 of the Domestic Relations Law or its predecessor to order one spouse to maintain, by way of payment of premiums, an existing insurance policy on his life where the other spouse is designated as the beneficiary. At bar, Special Term ordered only the assignment of the life insurance policy by defendant to plaintiff. There was no directive to defendant to continue paying the premiums on the policy. Upon the assignment, plaintiff will become the owner of the policy and will be able to treat it as her property. She may keep it alive by paying the premiums or avail herself of whatever options may be afforded to an assignee under the insurance contract. In sum, the assignment is the transfer of an existing property interest which the court, in our opinion, had the power to direct under section 234 of the Domestic Relations Law. There is, however, no authority, in our opinion, for the court to require a husband to presently provide for his wife's support after his death by premium payments on an insurance policy on his life with the wife as the designated beneficiary (see *Enos* v. *Enos,* *supra*). We have reconsidered the award of $500 in counsel fees to the firm of Sparrow & Sparrow and find it should be deleted in view of the award of $500 to that firm by Special Term for services rendered to plaintiff in connection with the appeal to this court. Finally, with respect to the request for restitution, it is necessary to note only that there is no right to restitution of alimony payments following reversal or modification (see *Grossman* v. *Ostrow,* 33 A D 2d 1006; *Griffin* v. *Griffin,* 219 App. Div. 370; *Averett* v. *Averett,* 110 Misc. 584). Munder, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.