■ Yvonne Coleman, Respondent, v Dennis R. Coleman, Appellant.— Order, Supreme Court, Bronx County, entered March 3, 1977, denying defendant's motion to vacate a previous order of said court entered November 13, 1975, which latter order, *inter alia,* awarded plaintiff interim child support in a separation action, unanimously reversed, insofar as appealed from, on the law and on the facts, without costs or disbursements, said motion granted to the extent of vacating so much of the order of November 13, 1975, as provided for child support, and all subsequent orders and judgments enforcing said provision; and defendant is directed to pay the sum of $35 per week for support of the youngest child, *pendente lite,* from August 26, 1975, and the parties are directed to proceed to trial expeditiously. Appeal from order, Supreme Court, Bronx County, entered on or about November 26, 1975, unanimously dismissed, as academic in light of the foregoing, without costs or disbursements. Judge Dollinger originally awarded plaintiff custody of the youngest child and exclusive possession of the marital residence, but denied interim financial relief. Thereafter, on ex parte communication by plaintiff he, *sua sponte,* substituted an interim award of child support of $75 weekly. This procedure was improper. (See Judiciary Law, art 15; Code of Professional Responsibility, EC 7-35; DR 7-110, subd [B].) Accordingly, the motion to vacate that part of said order and

all subsequent orders and judgments enforcing the child support award should have been granted by Judge Cotton. However recovery of the moneys heretofore paid by the defendant for child support, also requested on the motion, may not be granted. (See *Grossman v Ostrow,* 33 AD2d 1006.) Recovery of child support payments has not been sanctioned in this jurisdiction for the essential reason that such support (like alimony) is deemed to have been devoted to that purpose, and no funds exist from which one may recoup moneys so expended. *(Haas v Haas,* 271 App Div 107.) On the record before Judge Dollinger, uninfluenced by the ex parte communication, $35 per week is an appropriate award for interim child support of the youngest child. Settle order on notice. Concur—Lupiano, J. P., Birns, Lane, Sandler and Sullivan, JJ.