OPINION OF THE COURT
Charles A. Kuffner, J.
The defendant commenced this proceeding by an order to show cause dated May 23, 1984. Defendant seeks various forms of relief predicated upon plaintiff’s breach of several provisions of a stipulation agreement entered into subsequent to the parties’ divorce.
The undisputed facts reveal that the plaintiff wife divorced defendant husband on March 12, 1982. A stipulation of settlement agreement was entered into on March 22, 1982. The agreement, which was incorporated and not merged in the judgment of divorce, contained two important provisions. Firstly, the agreement gives to the plaintiff exclusive use and occupancy of the marital residence until her remarriage. In the event plaintiff remarries, the marital residence is to be sold in the open market and the proceeds split evenly between the parties. Secondly, the agreement provides that the weekly maintenance payments of $28.50 shall be terminated upon the plaintiff’s remarriage.
*1085 Unbeknownst to defendant, plaintiff remarried on January 14, 1983. Defendant faithfully continued to make weekly maintenance payments which he now seeks to recover.
Defendant specifically asks this court for an order:
a) punishing plaintiff for contempt of court for failure to place the marital residence on the open market upon her remarriage;
b) directing the entry of a money judgment against the plaintiff in the sum of $2,032.50 for moneys erroneously paid to plaintiff subsequent to her remarriage; and
c) directing plaintiff to pay defendant’s counsel fees.
As to defendant’s first request, to hold plaintiff in contempt of court pursuant to section 245 of the Domestic Relations Law and article 19 of the Judiciary Law, such request is denied. This court is well aware of plaintiff’s failure to notify her ex-husband defendant of her remarriage and failure to sell the marital residence as required by the stipulation of settlement agreement. Relying on the discretionary flexibility afforded by section 245, this court has decided not to punish plaintiff for contempt. However, this court cannot permit the plaintiff to freely breach the stipulation agreement. Therefore, it is ordered that the marital residence be sold on the open market as required by the agreement. The parties are directed to list the property with a broker to be agreed upon within 30 days. In the event the parties cannot agree, the court shall select a broker upon the petition of either party.
Defendant’s request for a money judgment against the plaintiff hinges upon this court’s interpretation of section 244 of the Domestic Relations Law. This discretionary statute has given a payee-spouse a convenient way of obtaining a judgment against a payor-spouse who has defaulted on payments due under a divorce or separation agreement. This court characterizes the statute as convenient because it allows the payee-spouse to bring suit under the old divorce or separation action thus eliminating the need to obtain personal jurisdiction over the parties. The statute specifically states: “Where a spouse in an action for divorce * * * makes default in paying any sum of *1086 money as required by the judgment or order directing payment thereof, the court shall make an order directing the entry of judgment for the amount of such arrears together with costs and disbursements”. (Domestic Relations Law, § 244; emphasis added.)
The statute speaks of defaults and arrears which, at first glance, appears to be aimed at the payor-spouse who is delinquent in his payments, under an agreement, to the payee-spouse. There is no doubt that delinquent payorspouse situation is the most common, however, the instant case presents the opposite situation. In the case at bar, the defendant (payor-spouse) has overpaid the plaintiff because of her failure to notify him of her remarriage in accordance with the terms of the stipulation agreement.
A default is simply the omission or failure to perform a legal duty. On the one hand, defendant had a legal duty to make timely maintenance payment to plaintiff. On the other hand, plaintiff has a legal duty to return those payments which she received subsequent to her remarriage. It is the opinion of this court that defendant should not be denied the convenience of using section 244 just because the section finds its main application to underpayments and not overpayments. It is hereby ordered that a judgment be entered against the plaintiff in the sum of $2,032.50.
Finally, defendant requests that plaintiff pay his legal fees. This court relying on its discretionary powers pursuant to section 238 of the Domestic Relations Law orders plaintiff to pay defendant’s counsel $750.
Furthermore, both the award of counsel fees and the money judgment shall be satisfied out of the plaintiff’s share of the proceeds from the sale of the marital residence.