OPINION OF THE COURT
Vincent R. Balletta, Jr., J.
Motion by the defendant for an order: (1) declaring that two children of the marriage have been emancipated since October 1983; (2) for a money judgment; and (3) for counsel fees, is determined as follows:
The parties hereto were granted a judgment of divorce on February 1, 1984, the terms of which provided that the defendant would pay to the plaintiff the sum of $100 per week as and for child support of the two infant sons, Donald and Michael, pursuant to the terms of a stipulation dated June 13, 1983. The judgment also expressly provided that the child support payments would terminate on the emancipation of the children. There were no other payments provided for in the judgment.
The defendant now alleges that "in or about early April, 1985, it came to my attention for the first time that both Donald and Michael were emancipated as a result of their having been employed by Wenco Food Systems Corporation *102 ('Wenco’X the operator of Wendy’s Fast Food Restaurant, located at 576 Merrick Road, Lynbrook, New York since October 2, 1983 and October 16, 1983, respectively”. The defendant further alleges that both boys are working full time and that neither is attending college.
The defendant now seeks to recover the sum of $8,500 from the plaintiff, which amount represents the child support payments he had made during the period of October 1983 up to the end of May 1985. He claims that the plaintiff and the two boys fraudulently concealed their emancipated status from him solely for the purpose of inducing him to continue to make the child support payments.
Although the defendant does not give any particulars as to the claimed fraud, paragraph 5 of his affidavit in support of the motion alleges as follows: "Neither my former wife nor the children advised me that they were employed and self supporting; too [sic] the contrary, they lied to me about what they were doing * * * Incredibly they propagated this lie even while they were in the process of submitting the decree for entry by this Court.”
Copies of 1984 W-2 forms for each of the sons are attached to the moving papers as an exhibit. In addition, the defendant claims that the employment commenced in October 1983, more than three months before the decree was signed. The decree specifically orders the defendant to make support payments of $100 per week "for the support and maintenance of the said infants”. The allegations set forth by the defendant must be accepted as true since the plaintiff has not appeared to oppose this motion.
In Abbate v Abbate (82 AD2d 368 [1981]), the Appellate Division, Second Department, held that the husband’s failure to disclose his true income when he approached his wife to execute an agreement modifying his support obligations under a divorce decree constituted grounds to rescind the modification agreement. The court stated in part that, " 'Concealment with intent to defraud of facts which one is duty-bound in honesty to disclose is of the same legal effect and significance as affirmative misrepresentations of fact’ * * * It is our view that defendant was 'duty bound in honesty’ to disclose his true income because it was the factor determining the amount he had to pay under the divorce decree. Without such a duty to disclose, the decree would have been unenforceable. Defendant was also bound to disclose the amount of his income because it *103 constituted a fact basic to the transaction (see Restatement, Torts 2d, § 551, comment e). ” (82 AD2d, at p 382.)
The principles set forth in Abbate (supra) are applicable to the facts and circumstances herein. Emancipation of the infant children was basic to the transaction since the defendant’s obligation for child support was to terminate upon emancipation. Emancipation by way of full-time employment was in truth effective before the judgment of divorce was signed. In the view of this court, the custodial parent was duty bound to advise the parent providing support that the children were emancipated. Concealment of that cogent fact is a fraud upon the noncustodial parent charged with support obligations, just as if there had been affirmative misrepresentations of fact. In this particular case, the moving papers allege that the wife and children "lied to me about what they were doing”. That statement, being uncontroverted, may well mean that there was more than concealment, but rather affirmative misrepresentations. In addition, this court is disturbed by the fact that the concealment was likewise a fraud upon the court, since that fact could have and should have been revealed to the court at the time the judgment was signed. Apparently, the children were not employed at the time the hearing was held before the hearing officer, but it is affirmatively alleged that at the time the judgment of divorce was submitted to this court for signature, the children were emancipated by virtue of their full-time employment.
Having found that the children were emancipated in October 1983, and that the plaintiff and the children actively hid this fact from the defendant to his detrimental reliance, the court must determine the appropriate remedy. The defendant has requested restitution in the amount of $8,500, representing child support payments made since October 1983.
It is well settled in the Appellate Division, Second Department, that "A support order may be modified nunc pro tunc to the date of the application for modification (Martin v Martin, 82 AD2d 431). However, a court may not alter a support obligation which matured and became due and owing prior to the date of such an application (Harris v Harris, 259 NY 334).” (Conklin v Conklin, 90 AD2d 817, 818 [1982].)
There are also numerous decisions which indicate that a request for restitution of moneys paid pursuant to the provisions of a judgment is inappropriate. In Rosenberg v Rosenberg (42 AD2d 590 [2d Dept 1973]), the court refused to order the *104 restitution of moneys paid pursuant to the provisions of a judgment after they were subsequently stricken or modified. The court noted: "there is no right to restitution of alimony payments following reversal or modification (see Grossman v. Ostrow, 33 AD2d 1006; Griffin v. Griffin, 219 App. Div. 370; Averett v. Averett, 110 Misc. 584).” In Matter of Klein v Klein (58 AD2d 811 [2d Dept 1977]), the father’s obligation for support had been reduced on appeal, after which he sought restitution. The court held that "The petitioner was not entitled to restitution or recoupment of alimony payments made” (p 811). It is further noted that the same rule applies with respect to alimony pendente lite (Surut v Surut, 191 App Div 570), as well as permanent alimony (Griffin v Griffin, supra).
The position of the Fourth Department is somewhat different. In Shanahan v Shanahan (80 AD2d 738, 739), the court held that it "has the power to order a modification retroactively”. In Matter of Launder v Plastique (84 Misc 2d 551), the Family Court, Queens County, had a novel situation wherein the wife and three children were living in Florida. The children became employed in 1974 and 1975, but the father, who resided in New York, did not become aware of this fact until July of 1975, whereupon he filed a petition for downward modification. The court granted the down modification in support retroactive to the filing of the petition and granted the father a credit for overpayment since September 1974, which was to be applied to future support payments. The court noted that the emancipation of the children were "facts peculiarly within the knowledge of the mother, of which she was under an affirmative obligation to reveal to the father” (pp 554-555). The residence of the mother and the children, far removed from the State of New York, played a part in the court’s decision.
It is becoming apparent that trial courts are seeking ways to remedy the inequity which is created when support payments are made after emancipation. Strict adherence to Appellate Division decisions has made it difficult to solve the problem. The Family Court in Launder (supra) apparently sought innovative means to correct an inequity similar to the situation here. Likewise, the Supreme Court, Richmond County, in Schneider v Schneider (124 Misc 2d 1084 [1984]), interpreted Domestic Relations Law § 244 so as to allow the entry of judgment against the plaintiff for moneys erroneously paid to the plaintiff subsequent to her remarriage. In that *105 case, the parties had entered into a stipulation of settlement similar to the facts and circumstances herein. The agreement was incorporated and not merged in the judgment of divorce and contained two significant provisions. One required the marital residence to be sold in the event the plaintiff remarried, and the second provided for the termination of weekly maintenance payments in the event of her remarriage. The plaintiff did remarry in January of 1983, without advising her former husband. He continued to make maintenance payments until he became aware of the plaintiff’s remarriage, whereupon he asked the court to punish her for contempt for failure to place the marital residence on the open market for sale, and in addition, requested a money judgment for moneys erroneously paid to the plaintiff after her remarriage. Although the Justice at Special Term did not hold the plaintiff in contempt but merely ordered the sale of the house, he did grant a judgment for moneys erroneously paid, taking the position that Domestic Relations Law § 244 provides for a judgment in the event of default. The pertinent portion of the statute reads as follows: "Where a spouse in an action for divorce * * * makes default in paying any sum of money as required by the judgment or order directing the payment thereof, the court shall make an order directing the entry of judgment for the amount of such arrears together with costs and disbursements” (Domestic Relations Law § 244).
That decision, in seeking to find a solution, makes the unusual observation that while the statute appears to be aimed at a payor/spouse who is delinquent in his payments, it is equally applicable to a default by the payee/spouse who fails to notify her former husband of her remarriage. The court took the position that a default is merely a failure to perform a legal duty, and that therefore the former husband should not be denied the convenience of using section 244.
While this court is not fully in agreement with the reasoning in the decision in Schneider (supra), it is obvious that the inequity of a spouse paying maintenance or support at a time when he should be relieved of that obligation by virtue of the happening of certain events, cries out for a solution — one which will cure the inequity.
Also, the Second Department case of Verschell v Pike (85 AD2d 690 [1981]), although not involving child support payments, is analogous. In Verschell, the parties executed a separation agreement whereby the husband conveyed the marital residence to his wife and she, in return, granted him a *106 10-year lease whereby he rented space in the house to continue his dental practice. A dispute arose, and the wife tried to break the lease on the grounds that the office violated the local zoning laws, a fact which she knew before the agreement was signed but failed to disclose to her husband. The court held that "the defendant and her attorney were under a duty to reveal their knowledge of the zoning problem prior to the execution of the agreements” (p 691), and that their failure to disclose constituted overreaching that warranted equity’s intervention. The court rescinded the agreement, the deed and the lease, and ordered the wife to reconvey the husband’s one-half interest in the house back to him or to pay him a sum equal thereto.
Similarly, under the circumstances of this case, the defendant should be entitled to restitution of the moneys paid by him as a result of the fraudulent actions of the plaintiff, either by way of concealment or affirmative misrepresentation.
Accordingly, the court finds that the son Donald has been emancipated since October 2, 1983, and that the son Michael has been emancipated since October 16, 1983.
The court further awards the defendant a money judgment against the plaintiff in the amount of $8,500, representing payments of $50 per week from October 2, 1983 for the infant son Donald, and $50 per week from October 16, 1983 for the infant son Michael, up to and including the week of May 24, 1985, and this order shall constitute a judgment therefor. Defendant’s request for legal fees is denied.
The clerk of the court is directed to docket this as a judgment, and defendant may have execution thereon.