■ IRVING J. STIMMEL, Respondent, v TOBY STIMMEL, Appellant.—In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Queens County (Zelman, J.), dated September 6, 1988, as denied her counterclaim for equitable distribution of marital property, and (2) so much of a judgment of the same court, also dated September 6, 1988, as granted the plaintiff husband a divorce and a

money judgment against her and denied her equitable distribution.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified by deleting the fifth decretal paragraph thereof; as so modified, the judgment is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Queens County, for a new determination of the amount to be awarded to the plaintiff husband representing overpayments in alimony in accordance herewith; and it is further,

Ordered that the plaintiff husband is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

On July 11, 1978, the plaintiff and the defendant entered into a stipulation of separation whereby, inter alia, the plaintiff agreed to pay the defendant alimony in the sum of $75 per week, the defendant was given sole ownership of the marital residence and the remaining real and personal marital property was divided between the parties. The ensuing judgment of separation dated September 18, 1978, further directed that the amount of alimony would be reduced by $25 per week in the event that the defendant earned in excess of $10,400 in any one calendar year. However, in the event that the defendant's weekly income thereafter dropped below $200, there would be no reduction for any such week.

The plaintiff commenced this action for a conversion divorce in February 1982. After a trial, the Supreme Court granted him a judgment of divorce on September 6, 1988. The divorce judgment provided, inter alia, for payment to the plaintiff of the principal sum of $6,500, which purportedly represented overpayments in alimony that the plaintiff had paid to the defendant in the period from 1982 through 1986 as a result of the defendant's income in those years exceeding the $10,400 ceiling established by the judgment of separation. The plaintiff had testified at the trial that he had first learned in mid-1987 that the defendant had been employed since at least 1982.

Contrary to the defendant's contention, the Supreme Court did not err in denying her equitable distribution of the mari-

tal property. Where, as here, the parties have entered into a valid agreement prior to the effective date of the statute providing for equitable distribution, which was intended to constitute a full settlement of all property rights between them, then equitable distribution is proscribed (see, *De Jose v De Jose,* 104 AD2d 629, *affd* 66 NY2d 804; *Carner v Carner,* 85 AD2d 589; Domestic Relations Law § 236 [B] [3], [5]).

We also disagree with the defendant's contention that the plaintiff was not entitled to recoup any overpayments of alimony in this case. The general rule that overpayments of alimony are not subject to restitution or recoupment (see, e.g., *Matter of Klein v Klein,* 58 AD2d 811) is inapplicable to a case such as this where the overpayment directly resulted from the breach by the payee spouse of one of the conditions upon which the payment of alimony was based by affirmatively concealing her employment earnings in excess of $10,400 per year (see, e.g., *Bryant v Bryant,* 130 Misc 2d 101; *Matter of Launder v Plastique,* 84 Misc 2d 551; *W v B,* 17 Misc 2d 432; *cf., Jacobs v Patterson,* 143 AD2d 397; *Verschell v Pike,* 85 AD2d 690).

However, we do agree with the defendant that the Supreme Court improperly construed the judgment of separation by including all unearned income as well as the alimony payments she was receiving in calculating whether she had exceeded the $10,400 per year ceiling. It is clear from the context of the provision that the limitation was only as to *earned* income, i.e., income resulting from the defendant's employment or other labors. Accordingly, the matter must be remitted to the Supreme Court to recalculate the amount of any overpayments.

We have reviewed the defendant's remaining contentions and conclude that they are without merit.

Finally, we do not address the issue raised by the husband. Relief on an appeal may not, as a general rule, be granted to a nonappealing party (see, *Hecht v City of New York,* 60 NY2d 57). Eiber, J. P., Sullivan, Balletta and Miller, JJ., concur.