■ ALEXANDER SAMU, JR., Appellant, v NOREEN SAMU, Respondent. [663 NYS2d 85] —In an action for a divorce and ancillary relief, the plaintiff husband appeals from stated portions of an order of the Supreme Court, Nassau County (DiNoto, J.), dated June 25, 1996, as amended by order of the same court dated November 20, 1996, which, *inter alia*, granted those branches of the defendant wife's motion which were to compel him to pay carrying charges on the marital residence totalling $971 per month, temporary maintenance in the sum of $250 per month, all reasonable and necessary unreimbursed or uninsured medical, dental, and hospital expenses for the defendant wife and the parties' son, and interim appraisal fees incurred by the wife in the sum of $11,050.

Ordered that the order, as amended, is modified, on the law and the facts and as a matter of discretion, by (1) reducing the amount payable as and for carrying charges on the marital residence from $971 to $850.21, (2) deleting the provision thereof directing the husband "to pay the monthly sum of $250.00, pendente lite for the temporary spousal maintenance of the defendant", (3) deleting the provision thereof awarding the defendant wife interim appraisal fees of $11,050, and (4) deleting the provision thereof directing the appellant to pay the unreimbursed or uninsured medical, dental, and hospital expenses of the defendant wife and the parties' child; as so modified, the order, as amended, is affirmed insofar as appealed from, without costs or disbursements.

It is well settled that in determining the amount of a pendente lite award, "the court must arrive at an accommodation between the 'reasonable needs' of the spouse making the application and the financial ability of the other spouse to provide for those needs" (*Stern v Stern*, 106 AD2d 631, 632; *see, Merle v Merle*, 227 AD2d 455; *Van Ess v Van Ess*, 100 AD2d 848). We find that based upon the financial status of the parties, as well as the remaining financial obligations imposed on the husband, the trial court improvidently exercised its discretion in awarding temporary maintenance and unreimbursed or uninsured medical, dental or hospital expenses to the defendant wife (*see, Pascale v Pascale*, 226 AD2d 439;

*Merkle v Merkle*, 186 AD2d 67). Further, since the parties' son was over 21 years old and no specific expenses which may have accrued prior to his twenty-first birthday are mentioned, the award for his unreimbursed or uninsured medical, dental, and hospital expenses was improper (*see, Silbowitz v Silbowitz*, 226 AD2d 699; *Breslaw v Breslaw*, 156 AD2d 627).

While we agree that the husband should continue to pay carrying charges on the marital residence pendente lite, those charges substantiated by the record total $850.21 ($602 for mortgage and $248.21 for utilities), and not $971, as the trial court found. The order is, accordingly, modified to reflect that computation.

In view of the relative income of each of the parties, the court improvidently exercised its discretion in making an interim award of $11,050 to the wife for appraisal fees (*see, Dunn v Dunn*, 143 AD2d 801). Mangano, P. J., Copertino, Altman and Goldstein, JJ., concur.