■ DEBRA T. DU JACK, Respondent, v JOSEPH M. DU JACK, Appellant. [663 NYS2d 349] —Carpinello, J. Appeal from an order of the Supreme Court (Teresi, J.), entered June 27, 1996 in Albany County, which, inter alia, granted plaintiff's motion to direct defendant to pay the balance due under the parties' judgment of divorce.

The parties were divorced in 1995 and have joint custody of their two children. Defendant had previously appealed from the judgment of divorce, and this Court reduced plaintiff's equitable distribution award as it related to an interest in a family-run business from $833,000 to $250,000 (221 AD2d 712, lv denied 88 NY2d 895). During the pendency of that appeal, defendant sought a stay of the judgment and ardently opposed

the requirement that he post an undertaking. Specifically, defense counsel argued that absent a discretionary stay without an undertaking, defendant would be prejudiced and inevitably lose between $188,000 and $468,000. This Court did not require defendant to post an undertaking; rather, it granted the stay "on the conditions that [defendant] continues to pay spousal support in the amount of $1,600 per month and that [defendant] shall maintain a minimum equity in his brokerage account of $833,000".

After our decision on the appeal, defendant paid plaintiff the $250,000 but deducted $11,200, representing seven spousal support payments made during the pendency of the appeal. Reversing his earlier position that an undertaking was inappropriate, defendant now argues that these spousal payments were "in the nature of an undertaking" entitling him to reimbursement from plaintiff. Supreme Court granted plaintiff's motion for an order directing defendant to pay her the withheld funds, prompting this appeal.

An undertaking is "a sum fixed by the court" (CPLR 5519 [a] [4]) which the parties are required to "file[ ] *with the clerk of the court*" (CPLR 2505 [emphasis supplied]). Here, defendant clearly was not required to file an undertaking and his attempt to argue otherwise in order to recoup the $11,200—a modest sum in the scheme of these parties' financial history—is not well taken. Moreover, even assuming that defendant had been required to file an undertaking by this Court, he would not have been relieved of the obligation to continue making interim payments to plaintiff in the form of temporary maintenance (*see, McKiernan v McKiernan*, 223 AD2d 917, 918).

As a general matter, there is no statutory mechanism granting a credit for overpayments of spousal support which are subsequently reduced or reversed on appeal (*see, Foxx v Foxx*, 114 AD2d 605, 607; *Rodgers v Rodgers*, 98 AD2d 386, *appeal dismissed* 62 NY2d 646; *Rosenberg v Rosenberg,* 42 AD2d 590; *Grossman v Ostrow*, 33 AD2d 1006; *see also*, 2 Foster, Freed and Brandes, Law and the Family § 1.8, at 18 [2d ed]). Although the judgment of divorce did not award plaintiff spousal support, it is noteworthy that defendant erroneously believed that it did and argued that same was error in the prior appeal. Moreover, there is no language in this Court's decision and order on the stay motion granting defendant a credit for any spousal support paid during the appeal (*compare, Gettys v Ryan*, 267 App Div 1029). Under these circumstances, we find that Supreme Court committed no error when it refused to credit defendant with $11,200.

We now turn to an additional unresolved issue. During the marriage, the parties purchased a house in the Town of North Greenbush, Rensselaer County, for $128,900 and a second house in the Village of Menands, Albany County, for $415,000. Pursuant to the judgment of divorce, defendant was directed to convey "all of his right, title and interest" in these properties to plaintiff. The judgment of divorce and proposed findings of facts and conclusions of law adopted by the Hearing Officer are silent on the issue of who, as between the parties, is responsible for the mortgages on these properties. And, defendant's criticisms to the contrary notwithstanding, this particular issue was not raised by either party on the prior appeal before this Court.

For reasons unclear from the record, the conveyances have not yet taken place. In the meantime, the North Greenbush property, which the parties leased out, was foreclosed upon due to nonpayment of the mortgage (*see, Federal Home Loan Mtge. Corp. v Du Jack*, Sup Ct, Rensselaer County, Apr. 26, 1996, Ceresia, J.). Defendant's cross claims against plaintiff in that mortgage foreclosure action (including a claim for indemnification) are still pending. The status of the Menands property is unclear; however, there is evidence in the record that on at least one occasion in the past the mortgagee has issued a "Notice of Intent to Foreclose Mortgage" on that property as well.

In the context of this action, defendant seeks enforcement of the judgment of divorce by compelling plaintiff to accept not only title to both properties but also responsibility for both mortgages. He also seeks an order directing plaintiff to indemnify and hold him harmless in connection with same. Supreme Court refused to address these issues in light of the pending mortgage foreclosure action (even though that action applies to only one of the properties). Since the parties are entitled to clarification of these equitable distribution issues notwithstanding the pending mortgage foreclosure action on the North Greenbush property, we conclude that Supreme Court erred in not addressing same and do so now.

The judgment of divorce included provisions for equitable distribution of the entire marital estate including the North Greenbush and Menands properties, defendant's interest in the family-run business that had been acquired by another company, all personal property, automobiles and bank accounts. Plaintiff was awarded the North Greenbush and Menands residences and all their contents as part of the distribution of the entire marital estate. In our view, this evinces an

intent that plaintiff also be solely responsible for all expenses related to these properties, including payment of the mortgage debts (*see generally*, *Hapeman v Hapeman*, 229 AD2d 807, 810). We reach this conclusion mindful of the generous monthly child support (*see*, *Chasin v Chasin*, 182 AD2d 862, 863) and significant distributive award granted to plaintiff, as well as her express willingness to accept both deeds from defendant and her tacit acknowledgement that these mortgages are her obligation.

Crew III, J. P., White and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's cross motion; cross motion partially granted by ordering defendant to transfer and plaintiff to accept all right, title and interest in the parties' two residences and further ordering that plaintiff be responsible for all mortgage indebtednesses on these properties and indemnify defendant regarding same; and, as so modified, affirmed.