◼ ALEXANDER SAMU, JR., Appellant, v NOREEN SAMU, Respondent. [684 NYS2d 295] —In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated January 12, 1998, as granted that branch of the defendant wife's motion which was for leave to enter two money judgments in her favor and against him in the principal sums of $17,456.45 and $1,700.42.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, with costs, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The Supreme Court issued an order granting the wife certain pendente lite relief. A judgment for arrears was entered against the husband, which he satisfied. On appeal, this Court modified the pendente lite order by reducing and/or eliminating the husband's various monetary obligations (*see, Samu v Samu,* 243 AD2d 458). The parties then entered into a stipulation regarding the wife's pending motion for further arrears by limiting the issue before the court to a calculation of the overpayment of arrears or credit due the husband. The court, however, directed the entry of two money judgments in favor of the wife.

The court erred in failing to properly credit the husband for his overpayments. The wife correctly contends that the husband is not entitled to recoup the temporary maintenance of $2,250 which he paid before that obligation was eliminated on appeal (*see, Rosenberg v Rosenberg,* 42 AD2d 590; *Grossman v Ostrow,* 33 AD2d 1006; *Griffin v Griffin,* 219 App Div 370). However, the balance of his payments in the sum of $19,976.79 toward carrying charges on the marital residence, an appraisal fee, and unreimbursed medical expenses, when applied against the $18,704.62 owed by him, results in a credit of $1,272.17. Accordingly, the matter is remitted to the Supreme Court, Nassau County, for entry of a judgment crediting the husband with the sum of $1,272.17 against future payments due the wife or against any arrears which may exist. Santucci, J. P., Altman, Friedmann and McGinity, JJ., concur.