■ DOMINIC VIGLIOTTI, Appellant, v DENISE VIGLIOTTI, Respondent. [688 NYS2d 198] —In a matrimonial action in which the parties were divorced by judgment entered July 15, 1997, the plaintiff former husband appeals from so much of an order of the Supreme Court, Nassau County (Cozzens, J.), entered April 20, 1998, as after a hearing, denied those branches of his motion which were to (1) reimburse him for maintenance payments he made to the defendant former wife and (2) completely terminate his obligation to make child support payments to the defendant.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was to completely terminate his obligation to make child support payments to the defendant and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The parties' separation agreement was incorporated but not merged into their divorce judgment. The separation agreement provided, *inter alia,* that the defendant was to have custody of the three children of the marriage and that she was to receive monthly maintenance and child support payments. The agreement further provided that the defendant's maintenance would terminate upon the happening of certain events including "the sharing by the [defendant] of the same principal residence with an unrelated male for a substantially continuous period of three months or more". In June 1997 the plaintiff moved, among other things, for a change of custody and a concomitant termination of his obligation to pay child support, as well as

for reimbursement of maintenance payments he allegedly made during the period in which the defendant resided with an unrelated male. Based on recommendations from a Law Guardian and the results of court-ordered drug testing of the parties, a stipulation was entered into between the parties which transferred custody of the children to the plaintiff and suspended child support payments to the defendant while the children remained in the plaintiff's care pending further order of the court. Thereafter the court held a hearing to determine whether the plaintiff was entitled to reimbursement of maintenance payments which he contended he had made after the defendant allegedly breached the separation agreement by residing with an unrelated male for three months.

Generally, a payor spouse is not entitled to restitution or recoupment of maintenance payments (*see, Matter of Klein v Klein,* 58 AD2d 811). However, this rule does not apply where an overpayment occurs because the payee spouse affirmatively conceals his or her breach of the conditions which would terminate the payor spouses' obligation to make maintenance payments (*see, Stimmel v Stimmel,* 163 AD2d 381; *see also, Jacobs v Patterson,* 143 AD2d 397). The evidence adduced at the hearing demonstrated that the defendant lived with an unrelated male for three months. Therefore, pursuant to the terms of the separation agreement, the defendant's maintenance automatically terminated at the end of this period. However, there was no proof that the plaintiff made any further maintenance payments after this three-month period. Accordingly, he is not entitled to any reimbursement.

The Supreme Court erred when it denied that branch of the plaintiff's motion which was to terminate his child support obligations based on the fact that the children were in his care. Instead the court directed that the plaintiff continue to pay a proportionate share of child support to cover the children's expenses during their periods of visitation with the defendant. Subsequent to the agreement which transferred custody to the plaintiff and suspended child support payments, the defendant did not make any application to resume the child support payments. Furthermore, there was no evidence presented at the hearing upon which to determine what amount of child support, if any, the defendant may be entitled to in order to defray the costs of providing for the children during their visitation periods with her (*see generally, Norman B. v Joette B.,* 229 AD2d 412). S. Miller, J. P., Santucci, Sullivan and Florio, JJ., concur.