■ M. JUDITH Fox, Respondent, v SEYMOUR Fox, Appellant. [759 NYS2d 702] —Mercure, J. Appeals from two orders of the Supreme Court (Ceresia, Jr., J.), entered March 11, 2002 and December 11, 2002 in Rensselaer County, which, inter alia, denied defendant's motions for recoupment of temporary maintenance payments.

On defendant's prior appeal, this Court reduced an award to plaintiff of temporary maintenance from $6,033 per month to $4,000 per month (290 AD2d 749, 750 [2002]).* In a cross motion and subsequent motion before Supreme Court, defendant sought reimbursement and recoupment of $38,167.94, the amount of temporary maintenance he claims to have overpaid. Supreme Court denied his requests in separate orders and defendant now appeals.

We agree with Supreme Court that defendant is not entitled to reimbursement or recoupment of excess temporary maintenance payments in these circumstances. Indeed, it has long been held that there is a "strong public policy against restitution or recoupment of support overpayments" (*Baraby v Baraby,* 250 AD2d 201, 205 [1998]; *see Samu v Samu,* 257 AD2d 656, 656 [1999]; *Du Jack v Du Jack,* 243 AD2d 908, 909 [1997]; *Rosenberg v Rosenberg,* 42 AD2d 590, 590 [1973]; *Grossman v Ostrow,* 33 AD2d 1006, 1006 [1970]). This settled principle applies to temporary maintenance payments "paid

---

* This Court rejected defendant's argument on his second appeal in this matter that the temporary maintenance award should be vacated based on his retirement from the practice of law (294 AD2d 652 [2002]).

before [the] obligation was eliminated on appeal" (*Samu v Samu, supra* at 656), such as the alleged overpayments at issue here. While recoupment of an overpayment of maintenance is permitted under certain circumstances (*see e.g. Vigliotti v Vigliotti,* 260 AD2d 470, 471 [1999] [permitting recoupment where the payee spouse affirmatively concealed a breach of conditions that would terminate the payor spouse's obligation to make maintenance payments]), we decline to carve out an exception to the general rule based on the facts presented by this case.

Defendant is not without a remedy however. First, the Domestic Relations Law permits a credit for past payments of temporary maintenance in the context of determining the amount of retroactive maintenance (*see* Domestic Relations Law § 236 [B] [6] [a]). Second, an excessive pendente lite award may be considered in appropriately adjusting the equitable distribution award (*see* Domestic Relations Law § 236 [B] [5] [d] [5], [13]; *Galvano v Galvano,* 303 AD2d 206, 206 [2003]; *Gad v Gad,* 283 AD2d 200, 201 [2001]).

Turning to plaintiff's request for costs, counsel fees and sanctions, we conclude that defendant's conduct in bringing this appeal was not so frivolous as to warrant granting such relief to plaintiff (*cf. De Ruzzio v De Ruzzio,* 287 AD2d 896, 897-898 [2001]). We note that although this is defendant's third appeal from temporary orders, he has been granted relief on his two prior appeals (294 AD2d 652 [2002]; 290 AD2d 749 [2002], *supra*).

Cardona, P.J., Spain, Rose and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.