■ DONNA S. REDGRAVE, Appellant, v HARRY W. REDGRAVE, Respondent. [808 NYS2d 489]—

Cardona, P.J. Appeal from an order of the Supreme Court (Seibert, Jr., J.), entered May 24, 2005 in Saratoga County, which denied plaintiff's motion for a money judgment.

The parties were previously married. After plaintiff was granted a divorce (304 AD2d 1062 [2003]), a trial was held on

---

equitable distribution and Supreme Court made certain awards. That decision was later modified by this Court so as to, among other things, reverse the judgment insofar as it awarded maintenance to defendant and required plaintiff to reimburse defendant for all mortgage payments, real estate taxes and homeowner's insurance costs (13 AD3d 1015, 1019-1020 [2004]). Following that decision, plaintiff, who apparently owes defendant funds pursuant to the equitable distribution order,* filed a motion in Supreme Court seeking a money judgment in the amount of $90,085.40, representing credits for, among other things, maintenance payments made to defendant, real estate taxes and mortgage payments that plaintiff paid for the marital residence prior to its sale. Supreme Court denied plaintiff's motion in its entirety, prompting this appeal.

Initially, we are unpersuaded by plaintiff's contention that she is entitled to a credit for the $55,800 in maintenance payments that she paid prior to this Court's reversal of that award. As conceded by plaintiff, maintenance payments cannot be recouped because there is a strong public policy against doing so (*see Fox v Fox*, 306 AD2d 583, 583 [2003], *lv dismissed* 1 NY3d 622 [2004]; *Coleman v Coleman*, 61 AD2d 757, 758 [1978]; *Grossman v Ostrow*, 33 AD2d 1006, 1006 [1970]). Plaintiff maintains, however, that she is entitled to a "credit" because she should not have been required to pay maintenance in the first instance. We do not agree. Plaintiff did have a maintenance obligation to pay defendant $300 each week, retroactive to the date the action was filed, as a result of Supreme Court's order. Even though that order was subsequently reversed (13 AD3d 1015, 1020 [2004], *supra*), public policy issues prevail and plaintiff is not entitled to a credit for amounts that she paid to defendant in the interim (*see Du Jack v Du Jack*, 243 AD2d 908, 909 [1997]; *Grossman v Ostrow, supra* at 1006).

Finally, we are unpersuaded by plaintiff's contention that Supreme Court erred in denying her request for credits for mortgage payments and real estate taxes in the amounts of $11,067 and $19,391, respectively, that she paid in connection with the marital home following the parties' separation. While it is true that, in our prior decision, we held that defendant was not entitled to reimbursement from plaintiff for the expenditures that he made in connection with the marital property (13 AD3d 1015, 1018 [2004], *supra*), we did not concomitantly direct that plaintiff was, in fact, entitled to reimbursement from de-

---

* The equitable distribution order determined that plaintiff should pay defendant $152,500, plus interest, representing one half of the value of plaintiff's ownership interest in a business.

fendant for the amounts that she expended to maintain the marital residence. Consequently, given the record before us, we find no basis to conclude that Supreme Court erred in denying plaintiff's request for a credit in those amounts.

The remaining issues raised by plaintiff have been examined and found to be unpersuasive.

Mercure, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.