Matter of Biddle v Biddle (2006 NY Slip Op 50996(U))

[*1]

Matter of Biddle v Biddle

2006 NY Slip Op 50996(U) [12 Misc 3d 1161(A)]

Decided on May 19, 2006

Family Court, Monroe County

O'Connor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 19, 2006

Family Court, Monroe County
In the Matter of Karen Biddle, Petitioner,
against
Lyle Biddle, Respondent.
F08681-05

Karen Biddle by and with Maureen Pineau, Esq. (hearing and objection). Lyle Biddle, by and with Wayne Ohl, Esq. (hearing only).

Marilyn L. O'Connor, J.
Karen Biddle filed objections on March 7, 2006 to the Findings of Fact, Conclusions of Law and Order signed January 29, 2006 by the Support Magistrate. Ms. Biddle objects generally to the denial of spousal support, and more specifically to the Support Magistrate's determination because she (1) failed to issue an order directing the Respondent to continue paying the mortgage and utilities (something he was in fact doing), (2) ordered the Petitioner to continue paying the health expenses of the Respondent despite no application for such relief; (3) allowed the Respondent credits for the additional $100 per week he paid the Petitioner for a period of time without being ordered to make such payments; and (4) failed to direct that the Respondent pay the Petitioner's car payment. There was no rebuttal.
The court has reviewed the objections, the pleadings, the file, and the recording of the hearing and finds that the Findings of Fact, Conclusions of Law and Order should be modified, and as modified, affirmed.
A.
[*2]
First, the Support Magistrate stated in her decision that, "The Respondent continued to pay the mortgage, the gas and electric and the water expenses of the marital home where the Petitioner and child reside." The testimony of both parties indicated this was true, and obviously, the decision took that into account when setting child support and denying maintenance. This court will add language to the decision of the Support Magistrate stating that the Respondent is continuing to pay the mortgage, the gas and electric and the water expenses of the marital home where the Petitioner and child reside. Furthermore, the court will add a provision stating that should the Respondent cease paying the mortgage, the gas and electric and/or the water expenses of the marital home where the Petitioner and child reside, that may be deemed a change of circumstances which will allow the Petitioner to apply for a modification of this order with respect to maintenance and child support.
B.
As to the Petitioner's assertion that she was ordered to continue paying the expense of health insurance for the Respondent and that such an order was not within the power of the court, this court notes that the Support Magistrate actually ordered, "that the Respondent shall provide medical and dental insurance coverage for the child and for the Petitioner as is available through a current or future employer and shall provide the Petitioner with the forms and documents necessary to effectuate such coverage." Thus, the Petitioner does not have to provide coverage for the Respondent. He has to provide coverage for her.
C.
The Support Magistrate's determination that the Respondent was entitled to credit for $100 payments made to the Petitioner, allegedly for maintenance even though he was not in fact ordered to pay maintenance, is in error. While no Fourth Department case precisely on this point can be found, the law is well established that voluntary payments made by a parent for the benefit of children and not pursuant to a court order may not be credited against amounts owing under the order (Horne v Horne, 22 NY2d 219 [1968]; Gleason v Gleason, 247 AD2d 384 [2d Dept 1998]; Lefkow v Lefkow, 188 AD2d 589 [2nd Dept 1992]; Soltow v Soltow, 47 AD2d 652 [2d Dept 1975]). Only one case, Kerpen v Kerpen (172 AD2d 496 [2d 1991]), has been found which holds that the trial court properly refused to credit a husband with payments voluntarily made on behalf of the wife, as well as those voluntarily made on behalf of children. While there is apparently very little case law on voluntary overpayments of maintenance or other similar payments made for the benefit of a spouse, this may well be because voluntary payments of maintenance are probably exceedingly rare after a court determination as to child support, and disputes over such voluntary payments are probably even rarer because the payments were voluntarily made in the first place.
Providing no recoupment for voluntary payments of maintenance is very similar to the long established rule that there is no entitlement to recoup maintenance overpaid pursuant to a temporary order which is higher than the ultimate final order. The public policy issues and realities are the same money given in the past for ongoing support presumably already spent, and the needs of the recipients continue on an ongoing basis. This would make the granting of credits imprudent for such payments once made as a matter of routine, and in some cases such [*3]retroactive credits presumably would be very detrimental to the original recipient as the regular bills for living expenses keep coming. As stated in Fox v Fox (306 AD2d 583-584 [3rd Dept 2003]),
We agree with Supreme Court that defendant is not entitled to reimbursement or recoupment of excess temporary maintenance payments in these circumstances. Indeed, it has long been held that there is a "strong public policy against restitution or recoupment of support overpayments" (Baraby v Baraby, 250 AD2d 201, 205, 681 NYS2d 826 [1998]; see Samu v Samu, 257 AD2d 656, 656, 684 NYS2d 295 [1999]; Du Jack v Du Jack, 243 AD2d 908, 909, 663 NYS2d 349 [1997]; Rosenberg v Rosenberg, 42 AD2d 590, 590, 345 NYS2d 73 [1973]; Grossman v Ostrow, 33 AD2d 1006, 1006, 308 NYS2d 280 [1970]). This settled principle applies to temporary maintenance payments "paid before [the] obligation was eliminated on appeal" (Samu v Samu, supra at 656), such as the alleged overpayments at issue here. While recoupment of an overpayment of maintenance is permitted under certain circumstances (see e.g. Vigliotti v Vigliotti, 260 AD2d 470, 471, 688 NYS2d 198 [1999] [permitting recoupment where the payee spouse affirmatively concealed a breach of conditions that would terminate the payor spouse's obligation to make maintenance payments]), we decline to carve out an exception to the general rule based on the facts presented by this case.
In accord, Jensen v Jensen, 299 AD2d 959 [4th Dept 2002], Baron v Baron, 36 AD2d 911 [1st Dept 1971]). Thus, this court holds there is no lawful basis for recoupment of the $100 payments voluntarily made in the case at bar, even if made by Mr. Biddle due to a procedural misunderstanding, as may have happened here.
D.
As to whether the Support Magistrate should have ordered maintenance or order the Respondent to pay the Petitioner's car payment, the Support Magistrate fairly balanced the expenses and income of both parties in arriving at the decision. Thus, except as modified, the Findings of Fact, Conclusions of Law and Order are affirmed.
NOW THEREFORE, for the reasons set forth above, it is
ORDERED that the Respondent's objections, having been considered on its merits, are granted in part and denied in part; and it is further
FOUND that the Respondent is continuing to pay the mortgage, the gas and electric and the water expenses of the marital home where the Petitioner and child reside; and it is
ADJUDGED that should the Respondent cease paying the mortgage, the gas and electric and/or the water expenses of the marital home where the Petitioner and child reside, that may be deemed a change of circumstances which will allow the Petitioner to apply for a modification of this order with respect to maintenance and child support, and it is further
ORDERED that the following language shall be stricken from the first decretal paragraph, "and less direct payments of $100 made for the period 10/5/05 through 12/2/05 or $900 and less any direct payments of $100 made by the Respondent to the Petitioner between 12/5/05 through 2/10/06. The Petitioner shall provide a written statement to the Monroe County Child Support Enforcement unit regarding any amounts received directly from the Respondent from 12/5/05 to 2/10/06; and it is further
ORDERED that as modified, the Findings of Fact and Conclusions of Law and Order are [*4]confirmed.
Signed May 19, 2006, at Rochester, New York.
E N T E R : HON. MARILYN L. O'CONNOR
 FAMILY COURT JUDGE