■ MICHAEL E. RADER, Appellant, v BARBARA G. RADER, Respondent. [835 NYS2d 289]—In a matrimonial action in which the parties were divorced by judgment dated August 14, 1998, the plaintiff former husband appeals from (1) an order of the Supreme Court, Rockland County (Sherwood, J.), dated July 7, 2006, which granted the defendant former wife's motion for a money judgment for maintenance arrears allegedly due pursuant to the parties' judgment of divorce in the sum of $1,350 per week from January 9, 2006, through July 10, 2006, and counsel fees in the sum of $1,500, and (2) a judgment of the same court dated July 26, 2006, which is in favor of the defendant former wife and against him in the sum of $39,680.42.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, the defendant former wife's motion is denied, and the order is modified accordingly; and it is further,

Ordered that the plaintiff former husband is awarded one bill of costs.

The appeal from the intermediate order dated July 7, 2006 must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment thereon (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In a decision after trial dated July 25, 1997, the Supreme Court awarded the defendant former wife maintenance in the sum of $1,350 "for a period of 10 years from the date hereof, commencing immediately, retroactive to the commencement

date of this action." The judgment of divorce, which was signed on August 14, 1998, reiterated the language of the decision that maintenance was awarded "for a period of ten (10) years from the date hereof, commencing immediately, retroactive to the commencement of the action."

Although the decision and the judgment of divorce both indisputably awarded maintenance for "a period of 10 years," at issue here is the date of commencement of the 10-year period. Since the decision and the judgment of divorce both state that maintenance was to be retroactive to the commencement of the action, the relevant 10-year period began with the commencement of the action on January 9, 1996 and terminated 10 years later on January 9, 2006. Accordingly, the defendant former wife's motion for a money judgment awarding her maintenance arrears from January 9, 2006 through July 10, 2006 should have been denied. Spolzino, J.P., Goldstein, Fisher and McCarthy, JJ., concur.