■ GINA MARIE ARCABASCIO, Respondent, v ANTHONY ARCABASCIO, Appellant. [852 NYS2d 352]—

In a matrimonial action in which the parties were divorced by judgment entered December 22, 1995, the defendant appeals from an order of the Supreme Court, Nassau County (Ross, J.), dated May 29, 2007, which denied his motion, inter alia, to hold the plaintiff in contempt, reimburse him for alleged overpayments of spousal maintenance, transfer custody of the parties' younger child to him, and terminate his child support obligations.

Ordered that the order is affirmed, with costs.

The defendant's contention that he demonstrated his entitlement to reimbursement for alleged overpayments of spousal maintenance is without merit. While the parties' stipulation of settlement authorized the cessation of maintenance payments in the event that the plaintiff engaged in full-time employment for one year, the defendant produced no evidence establishing that she did so. Moreover, even if the plaintiff had obtained such employment, there is no support for the defendant's assertion that she affirmatively concealed that employment from him. Absent such concealment, the defendant's recoupment of support payments is barred (*see Redgrave v Redgrave,* 25 AD3d 973 [2006]; *Fox v Fox,* 306 AD2d 583[2003]; *Vigliotti v Vigliotti,* 260 AD2d 470 [1999]).

The defendant's contention regarding the custody of the parties' younger child is likewise without merit. "A parent who seeks a change in custody is not automatically entitled to a hearing but must make some evidentiary showing sufficient to warrant one" (*Green v Green,* 43 AD3d 867, 867 [2007]; *see Matter of Vasquez-Williams v Williams,* 32 AD3d 859 [2006]). Given the parties' prior agreement as to custody, the defendant was required to present evidence that the relevant circumstances had changed and that a modification of the custodial arrangement would be in the child's best interests (*see Matter of*

*Joseph F. v Patricia F.*, 32 AD3d 938 [2006]; *Smoczkiewicz v Smoczkiewicz*, 2 AD3d 705 [2003]; *Matter of Neu v Neu*, 303 AD2d 509 [2003]). The conclusory assertions set forth in the defendant's motion papers were insufficient to warrant a hearing regarding his request to change custody (*see e.g. Matter of Sergei P. v Sofia M.*, 44 AD3d 490 [2007]; *DiVittorio v DiVittorio*, 36 AD3d 848 [2007]; *McNally v McNally*, 28 AD3d 526 [2006]). Similarly, the defendant failed to present adequate evidence to warrant a hearing on his request to terminate child support (*see Mahato v Mahato*, 16 AD3d 386 [2005]).

The defendant's remaining contentions are without merit. Mastro, J.P., Santucci, Balkin and Dickerson, JJ., concur.