■ MICHAEL E. RADER, Appellant, v BARBARA G. RADER, Respondent. [865 NYS2d 235]—

In a matrimonial action in which the parties were divorced by judgment entered September 18, 1998, the plaintiff appeals from an order of the Supreme Court, Rockland County (Sherwood, J.), entered September 20, 2007, which denied his motion for the reimbursement of alleged overpayments of spousal maintenance he paid pursuant to an order of the same court dated November 30, 2006.

Ordered that the order entered September 20, 2007 is affirmed, with costs.

In January 2006 the plaintiff stopped paying the defendant maintenance, contending that the parties' judgment of divorce entered September 18, 1998 required him to pay maintenance only for a period of 10 years, retroactive to the commencement of the divorce action in January 1996. The defendant claimed that she was entitled to maintenance until July 2007—10 years after the date of the decision awarding her maintenance. She thus moved for leave to enter a money judgment for maintenance allegedly accruing after the plaintiff ceased paying maintenance in January 2006.

In an order dated July 7, 2006 the Supreme Court granted the defendant's motion, directed the plaintiff to pay the defendant maintenance for a period of 10 years, retroactive to July 1997, when the decision awarding her maintenance was made, and granted the defendant leave to enter a money judgment for maintenance arrears, plus the sum of $1,500 as an attorney's fee. A money judgment was subsequently entered on July 26, 2006. The plaintiff filed a notice of appeal from both the order dated July 7, 2006 and the money judgment, and obtained a statutory stay of enforcement of the money judgment pending appeal by posting an undertaking for the amount of the judgment (see CPLR 5519 [a] [2]).

Thereafter, the defendant moved to hold the plaintiff in contempt for failing to make maintenance payments that became due, subsequent to entry of the money judgment, as a consequence of the order dated July 7, 2006. In an order dated November 30, 2006, the plaintiff was held in contempt and the defendant was awarded the sum of $2,000 as an attorney's fee

(*see* Domestic Relations Law § 237 [c]). Although the plaintiff filed a notice of appeal from that order, he did not seek a stay of its enforcement. Pursuant to the terms of the order dated November 30, 2006, the plaintiff paid the sum of $54,000 in maintenance for the period from July 2006 until April 2007, plus the sum of $2,000 as an attorney's fee, for a total sum of $56,000.

In a decision and order dated April 17, 2007, this Court reversed the money judgment, and accordingly modified the order dated July 7, 2006 upon finding that the plaintiff's obligation to pay maintenance terminated on January 9, 2006, or 10 years after the divorce action was commenced (*see Rader v Rader,* 39 AD3d 734 [2007]). In a decision and order on motion dated August 13, 2007, this Court dismissed the plaintiff's appeal from the order dated November 30, 2006, for lack of prosecution.

By notice of motion dated June 20, 2007, the plaintiff moved for reimbursement of the sums of $54,000 in maintenance and $2,000 in attorneys' fees he paid pursuant to the order dated November 30, 2006. In opposition, the defendant noted, inter alia, that the plaintiff never perfected his appeal from the order dated November 30, 2006, and that she already spent the disputed $56,000 on her living expenses and attorneys' fees. The Supreme Court, in an order entered September 20, 2007, denied the plaintiff's motion. We affirm.

There is a strong public policy against recoupment of both pendente lite and permanent maintenance paid pursuant to a court order or judgment which is subsequently set aside on appeal (*see Redgrave v Redgrave,* 25 AD3d 973 [2006]; *Coleman v Coleman,* 61 AD2d 757 [1978]; *Matter of Klein v Klein,* 58 AD2d 811 [1977]; *Rosenberg v Rosenberg,* 42 AD2d 590 [1973]; *Grossman v Ostrow,* 33 AD2d 1006 [1970]). The reason for this policy is that maintenance and child support payments are "deemed to have been devoted to that purpose, and no funds exist from which one may recoup moneys so expended" if the award is thereafter reversed or modified (*Coleman v Coleman,* 61 AD2d at 758). Although there are exceptions to this general rule (*see Arcabascio v Arcabascio,* 48 AD3d 606 [2008]; *Vigliotti v Vigliotti,* 260 AD2d 470 [1999]; *Samu v Samu,* 257 AD2d 656 [1999]; *Stimmel v Stimmel,* 163 AD2d 381 [1990]; *Jacobs v Patterson,* 143 AD2d 397, 398 [1988]), such exceptions are not applicable to the instant case.

We note that if there are unpaid arrears of other obligations, such as carrying charges for the marital residence, the payor spouse may be granted a credit against those arrears for main-

tenance paid pursuant to an order which was reversed on appeal (*see Samu v Samu,* 257 AD2d 656 [1999]).

The appeal from the order dated November 30, 2006 was dismissed for lack of prosecution, and we decline to exercise our discretion to consider any issue which could have been raised on appeal therefrom (*see McGrath v D'Angio-McGrath,* 42 AD3d 440 [2007]; *see also Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750 [1999]; *Bray v Cox,* 38 NY2d 350, 353 [1976]). Fisher, J.P., Balkin, McCarthy and Chambers, JJ., concur.