CYNTHIA JENSEN, Appellant, v RAYMOND JENSEN, Respondent. [750 NYS2d 710] —Appeal from a judgment of Supreme Court, Cayuga County (Corning, J.), entered December 19, 2001, which, inter alia, awarded plaintiff maintenance in the amount of $425 per week for two years and $300 per week thereafter until defendant retires.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by deleting that part of the second decretal paragraph reducing the maintenance award and by providing that plaintiff is awarded maintenance in the amount of $425 per week until defendant retires and by deleting that part of the second decretal paragraph awarding maintenance retroactively and providing for the recoupment of overpayments and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff appeals from a judgment of divorce awarding plaintiff maintenance in the amount of $425 per week for two years and $300 per week thereafter until defendant retires. Plaintiff, who was 54 years old at the time of trial, is totally disabled from a work-related injury and her only sources of income are her Social Security disability and workers' compensation benefits. Defendant, who was 59 years old at the time of trial, is in good health and presently is employed as a financial manager, earning in excess of $100,000 per year. The parties were married for over 35 years and their three children are emancipated. We conclude that the award of maintenance in the amount of $425 per week is equitable in light of the length of the marriage, the substantial disparity in the parties' incomes, and the age and permanent disability of plaintiff (*see Krutyansky v Krutyansky*, 289 AD2d 299, 300; *Shattuck v Shattuck*, 255 AD2d 999).

We reject the contention of plaintiff that, in light of the parties' predivorce standard of living, she is entitled to maintenance in the amount of $598 per week until defendant retires. The record establishes that the parties were living beyond their means and that it is not possible for them to maintain that standard of living after their divorce (*see Pejo v Pejo*, 213 AD2d 918, 919, *lv denied* 85 NY2d 811). Furthermore, the parties' predivorce standard of living is but one factor that must be considered on the issue of maintenance (*see Hartog v Hartog*, 85 NY2d 36, 52). Upon consideration of plaintiff's "reasonable needs and predivorce standard of living in the context of the other enumerated statutory factors" (*id.*), we conclude that the court did not abuse its discretion in declining to award plaintiff maintenance in the amount of $598 per week until defendant retires.

We agree with plaintiff, however, that the record does not support the reduction in the amount of the maintenance award to $300 per week after two years. Defendant concedes that plaintiff is totally disabled and incapable of working. We thus modify the judgment by deleting that part of the second decretal paragraph reducing the maintenance award and by providing that plaintiff is awarded maintenance in the amount of $425 per week until defendant retires (*see Carrozzo v Carrozzo*, 202 AD2d 1070).

We also agree with plaintiff that, since the amount of permanent maintenance is less than that awarded pendente lite, the court erred in awarding retroactive maintenance (*see Feldman v Feldman*, 194 AD2d 207, 218) and in determining that defendant is entitled to recoup the overpayments (*see Maier v Maier*, 201 AD2d 919, 919-920; *Rodgers v Rodgers*, 98 AD2d 386, 390, *appeal dismissed* 62 NY2d 646; 3 Lansner & Reichler, NY Civ Prac, Matrimonial Actions § 42.05 [3], at 42-29; 19 Carmody-Wait 2d, NY Prac § 118:27, at 63; *see also Petek v Petek*, 239 AD2d 327, 328-329). We thus further modify the judgment by deleting that part of the second decretal paragraph awarding maintenance retroactively and providing for the recoupment of overpayments.

Finally, we reject plaintiff's contention that the court abused its discretion in failing to award attorneys' fees and/or accountant's fees (*see McCarthy v McCarthy*, 172 AD2d 1040). Present—Pigott, Jr., P.J., Pine, Wisner, Kehoe and Gorski, JJ.