■ GARY BEITER, Appellant, v MARY ANNE BEITER, Respondent. (Appeal No. 1.) [888 NYS2d 825]—

Appeal from an order of the Supreme Court, Monroe County (Daniel J. Doyle, J.), entered April 2, 2008 in a divorce action. The order, among other things, granted those parts of defendant's motion to vacate and amend the qualified domestic relations order.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff appeals from an order that, inter alia, granted those parts of defendant's motion to vacate and amend the qualified domestic relations order (QDRO) to reflect the parties' stipulation that defendant would receive her share of plaintiff's pension benefits upon plaintiff's retirement in accordance with the formula set forth in *Majauskas v Majauskas* (61

NY2d 481 [1984]). At the time the parties' divorce action was commenced, plaintiff was ineligible to receive pension benefits until he had completed at least 25 years of service and had attained the age of 55 years. Subsequently,.the terms of the pension plan were modified so that plaintiff could receive benefits after only 20 years of service.

We reject the contention of plaintiff that the change in his pension plan, which occurred after the commencement of the divorce action, resulted in new benefits that became his separate property. "[A] pension is a form of deferred compensation" for services performed at some earlier date (*Olivo v Olivo*, 82 NY2d 202, 207 [1993]), and "[c]ompensation received after dissolution of the marriage for services rendered during the marriage is marital property" (*DeLuca v DeLuca*, 97 NY2d 139, 144 [2001]). "Thus, that portion of a pension based on years of employment during the marriage is marital property" (*Olivo*, 82 NY2d at 207; *see Majauskas*, 61 NY2d at 485-486), and a change in the length of service required before an employee is eligible to receive the benefits earned during the marriage is "a modification of an asset[,] not the creation of a new one" (*Olivo*, 82 NY2d at 210). Therefore, Supreme Court properly amended the QDRO because defendant's share of plaintiff's pension benefits "should have been calculated against the pension actually obtained by [plaintiff]" (*id.*), and not in accordance with the terms of the pension plan in effect when the divorce action was commenced.

We further reject plaintiff's contentions that those parts of defendant's motion to vacate and amend the QDRO are barred by laches or equitable estoppel. "The defense of laches requires both delay in bringing an action and a showing of prejudice to the adverse party" (*Summers v City of Rochester*, 60 AD3d 1271, 1273 [2009]) and, here, plaintiff has failed to demonstrate that he was prejudiced by any delay (*see Matter of Mergenhagen*, 50 AD3d 1486, 1487 [2008]). Further, "in the absence of evidence that a party was misled by another's conduct or that the party significantly and justifiably relied on that conduct to its disadvantage, 'an essential element of estoppel [i]s lacking' " (*Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96, 106-107 [2006]).

Contrary to plaintiff's contention, those parts of defendant's motion to vacate and amend the QDRO did not in effect constitute commencement of an action for breach of contract, and thus those parts of the motion were not barred by the six-year statute of limitations applicable to breach of contract actions (*see generally Duhamel v Duhamel* [appeal No. 2], 4 AD3d 739,

740-741 [2004]). "Where a QDRO is inconsistent with the provisions of a stipulation or judgment of divorce, courts possess the authority to amend the QDRO to accurately reflect the provisions of the stipulation pertaining to the pension benefits" (*Berardi v Berardi*, 54 AD3d 982, 985-986 [2008]; *see generally Irato v Irato*, 288 AD2d 952 [2001]). Moreover, "because a QDRO is derived from the bargain struck by the parties at the time of the judgment of divorce, there is no need to commence a separate 'action' in order for the court to formalize the agreement between the parties in the form of a QDRO" (*Duhamel*, 4 AD3d at 741). Present—Hurlbutt, J.P., Centra, Fahey, Carni and Pine, JJ.