# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**202/14**
**CA 13-01558**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF SIERRA CLUB, PEOPLE FOR A
HEALTHY ENVIRONMENT, INC., COALITION TO PROTECT
NEW YORK, JOHN MARVIN, THERESA FINNERAN, MICHAEL
FINNERAN, VIRGINIA HAUFF AND JEAN WOSINSKI,
PETITIONERS-RESPONDENTS,

V                                   MEMORANDUM AND ORDER

VILLAGE OF PAINTED POST, PAINTED POST
DEVELOPMENT, LLC, SWEPI, LP,
RESPONDENTS-APPELLANTS,
AND WELLSBORO AND CORNING RAILROAD, LLC,
RESPONDENT-RESPONDENT.

---

HARRIS BEACH PLLC, PITTSFORD (JOSEPH D. PICCIOTTI OF COUNSEL), FOR
RESPONDENTS-APPELLANTS.

RICHARD J. LIPPES & ASSOCIATES, BUFFALO (RICHARD J. LIPPES OF
COUNSEL), AND RACHEL TREICHLER, HAMMONDSPORT, FOR
PETITIONERS-RESPONDENTS.

JANE E. TSAMARDINOS, ALBANY, FOR NEW YORK STATE CONFERENCE OF MAYORS
AND MUNICIPAL OFFICIALS, AMICUS CURIAE.

JAMES BACON, NEW PALTZ, FOR COMMUNITY WATERSHEDS CLEAN WATER
COALITION, INC., AMICUS CURIAE.

KATHERINE HUDSON, WATERSHED PROGRAM DIRECTOR, WHITE PLAINS, FOR
RIVERKEEPER, INC. AND KATHERINE SINDING, NEW YORK CITY, FOR NATURAL
RESOURCES DEFENSE COUNCIL, AMICI CURIAE.

---

　　　　Appeal from a judgment (denominated order) of the Supreme Court,
Steuben County (Kenneth R. Fisher, J.), entered April 8, 2013 in a
proceeding pursuant to CPLR article 78.  The judgment, insofar as
appealed from, denied in part the motion of respondents Village of
Painted Post, Painted Post Development, LLC, and SWEPI, LP to dismiss
the petition and granted petitioners summary judgment on the first
cause of action.  The judgment was reversed insofar as appealed from
by memorandum and order of this Court entered March 28, 2014 (115 AD3d
1310), and petitioners on October 23, 2014 were granted leave to
appeal to the Court of Appeals from the order of this Court (24 NY3d
908), and the Court of Appeals on November 19, 2015 reversed the order
and remitted the case to this Court for consideration of issues raised
but not determined on the appeal to this Court (___ NY3d ___ [Nov. 19,

2015]).

Now, upon remittitur from the Court of Appeals,

It is hereby ORDERED that, upon remittitur from the Court of Appeals, the judgment so appealed from is unanimously affirmed without costs.

Memorandum:  Petitioners commenced this CPLR article 78 proceeding seeking, inter alia, to annul certain determinations of respondent Village of Painted Post (Village), which permitted respondent Painted Post Development, LLC (PPD) to lease land to respondent Wellsboro and Corning Railroad, LLC (WCOR) for the construction and operation of a transloading facility (Lease Agreement) and permitted the Village to sell approximately one million gallons per day (gpd) of water from its water supply to respondent SWEPI, LP (SWEPI) (Water Agreement).  The water was to be loaded onto trains at the transloading facility and transported to Pennsylvania via an existing rail line that traversed the entire Village.

Respondents filed motions in which they sought, inter alia, dismissal of the petition pursuant to CPLR 3211 and 3212.  Petitioners opposed those motions but did not file a cross motion.  Supreme Court granted respondents' motions in part, but denied respondents' motions insofar as they sought dismissal of the first cause of action, which alleged that the Village had failed to comply with the strict procedural requirements of New York State Environmental Quality Review Act ([SEQRA] ECL 8-0101 *et seq.*; 6 NYCRR 617.1 *et seq.*).  Instead, the court searched the record, awarded petitioners summary judgment on that cause of action and issued an injunction enjoining any further water withdrawals from the Village's water supply pursuant to the Water Agreement.  Respondents-appellants (hereafter, respondents) appealed.

When this matter was first before this Court, we determined that none of the petitioners had established standing to commence the proceeding, i.e., an " 'injury that [was] in some way different from that of the public at large' " (*Matter of Sierra Club v Village of Painted Post*, 115 AD3d 1310, 1312, quoting *Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 774).  We thus reversed the judgment insofar as it awarded summary judgment to petitioners on the first cause of action (*id.* at 1310).  The Court of Appeals, finding that this appeal provided it with "the opportunity to elucidate and further address the 'special injury' requirement of standing," reversed the order of this Court and remitted the matter for consideration of issues raised but not determined on the appeal to this Court (*Matter of Sierra Club v Village of Painted Post*, ___ NY3d ___, ___ [Nov. 19, 2015], quoting *Society of Plastics Indus.*, 77 NY2d at 778).  We now address those issues.

We reject respondents' contention that the first cause of action should have been dismissed on the grounds of laches or mootness. "Dismissal based upon laches is appropriate where the following

circumstances are present:  (1) conduct by an offending party giving rise to the situation complained of, (2) delay by the complainant in asserting his or her claim for relief despite the opportunity to do so, (3) lack of knowledge or notice on the part of the offending party that the complainant would assert his or her claim for relief, and (4) injury or prejudice to the offending party in the event that relief is accorded the complainant" (*Matter of Miner v Town of Duanesburg Planning Bd.*, 98 AD3d 812, 813-814, *lv denied* 20 NY3d 853 [internal quotation marks omitted]).  Although there may be triable issues of fact on the element of delay, we conclude that there is no evidence in the record that respondents would suffer any injury or prejudice in the event relief is accorded to petitioners.

On February 23, 2012, the Village Board (Board) issued resolutions authorizing the Lease Agreement and Water Agreement. Among other things, the Lease Agreement authorized WCOR, as the Lessor, to construct the transloading facility, at no expense to the Lessee, i.e., PPD.  By the time petitioners commenced this proceeding on June 25, 2012, construction on the transloading facility was substantially completed.  Petitioners, however, are not challenging the construction of the transloading facility but, rather, they are challenging the underlying project for which the facility was constructed (*cf. id.* at 814; *Matter of Paden v Planning Bd. of Town of Mamakating*, 270 AD2d 626, 626; *Matter of Caprari v Town of Colesville*, 199 AD2d 705, 706).  Thus, the relief requested by petitioners has not been rendered moot, i.e., "impossible to grant or wholly untenable" (*Matter of E.W. Tompkins Co., Inc. v Board of Trustees of Clifton Park-Halfmoon Pub. Lib.*, 27 AD3d 1046, 1047-1048, *lv denied* 7 NY3d 704).  Moreover, respondents failed to raise a triable issue of fact concerning whether they would suffer any injury or prejudice inasmuch as the nonappealing respondent, WCOR, was responsible for the construction of the transloading facility.

On the merits, we agree with petitioners that the Village's determination that the Water Agreement was a Type II action and not subject to SEQRA review was arbitrary and capricious.  First, we reject respondents' contention that the withdrawal and sale of surplus water from a municipal water supply is not an "action" for SEQRA purposes (*see* 6 NYCRR 617.2 [b] [1]).  Second, we conclude that the Water Agreement constitutes either a Type I or an Unlisted action.

Type I actions include any "project or action that would use ground or surface water in excess of [two million gpd]" (6 NYCRR 617.4 [b] [6] [ii]).  Type II actions, i.e., those that are not subject to SEQRA review (*see* 6 NYCRR 617.5 [a]), include the "purchase or sale of furnishings, equipment or supplies, including surplus government property, other than the following:  land, radioactive material, pesticides, herbicides, or other hazardous materials" (6 NYCRR 617.5 [c] [25]).  Unlisted actions are defined as all actions not previously identified as either a Type I or Type II action (*see* 6 NYCRR 617.2 [ak]).

It is undisputed that the purchase or sale of one million gpd of water is not specifically defined as a Type I or Type II action (*see* 6

NYCRR 617.4, 617.5).  Respondents thus contend that it is a Type II action because it involves the purchase and sale of surplus government "property" (6 NYCRR 617.5 [c] [25]).  We reject that contention inasmuch as water constitutes a natural resource, not property (*see* ECL 8-0105 [6]; *see also* ECL 15-0505 [3]; *cf.* 6 NYCRR 617.5 [b] [25]).

Although the Water Agreement does not call for the use of "ground or surface water in excess of [two million gpd]" (6 NYCRR 617.4 [b] [6] [ii]) and thus is not a Type I action under that subsection, Type I actions also include "any Unlisted action[] that exceeds 25 percent of any threshold in this section, occurring wholly or partially within or substantially contiguous to any publicly owned or operated parkland, recreation area or designated open space" (6 NYCRR 617.4 [b] [10]).  Where, as here, the Department of Environmental Conservation (DEC) has set a threshold clarifying that the use of a certain amount of a natural resource, e.g., land or water, constitutes a Type I action, it is reasonable to assume that the DEC has "implicitly determined that an annexation of less than [that threshold] is an '[U]nlisted action' " (*Matter of City Council of City of Watervliet v Town Bd. of Town of Colonie*, 3 NY3d 508, 517-518).  We thus conclude therefrom that the Water Agreement is implicitly an Unlisted action.  Inasmuch as there is also evidence in the record that the transloading facility may be substantially contiguous to a publicly owned park and the Water Agreement calls for the use of surface water in the amount of one million gpd, i.e., 50% of the threshold in section 617.4 (b) (6) (ii), the Water Agreement could also be deemed a Type I action under 6 NYCRR 617.4 (b) (10).

Consequently, SEQRA review was required for the Water Agreement.  Although the Village conducted a SEQRA review of the Lease Agreement, segmentation, i.e., the division of environmental review for different sections or stages of a project (*see* 6 NYCRR 617.2 [ag]), is generally disfavored (*see Matter of Forman v Trustees of State Univ. of N.Y.*, 303 AD2d 1019, 1019).  We thus conclude that the court properly determined, on the merits of the first cause of action, that all of respondent Village's resolutions should be annulled and that a consolidated SEQRA review of both agreements was required.

Respondents further contend that the Susquehanna River Basin Compact ([Compact] ECL 21-1301) and its regulations (21 NYCRR part 1806) preempt the Village from undertaking a SEQRA review and that the proceeding should be dismissed for failing to join the Susquehanna River Basin Commission (Commission) as a necessary party.  Even assuming, arguendo, that we may address those contentions where, as here, there is no evidence in the record that respondents raised those contentions at any time before this appeal, we conclude that the contentions lack merit.  The Compact does not preempt SEQRA review because nothing in SEQRA "conflicts with the Compact" (*Tarrant Regional Water Dist. v Herrmann*, ___ US ___, ___, 133 S Ct 2120, 2130 n 8).  Moreover, the Commission recognized that its approval of the withdrawal of water from the Corning aquifer did not preempt state or local agency approval when it wrote that its approvals were "subject to any approval or authorization required by the Commission's (host) member state to utilize" the water.  For the same reasons, we conclude

202/14
CA 13-01558

that the Commission is not a necessary party to the instant

proceeding (*see* CPLR 1001 [a]).

Entered:  December 31, 2015                         Frances E. Cafarell
                                                    Clerk of the Court