Appeal from an amended order of the Supreme Court, Monroe County (James J. Piampiano, J.), entered August 10, 2016. The amended order, insofar as appealed from, denied that part of the motion of defendant seeking to vacate the qualified domestic relations order that was entered in February 1996.
 

 It is hereby ordered that the amended order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in part, and the qualified domestic relations order is vacated.
 

 Memorandum: The parties divorced in 1994, and the separation agreement incorporated but not merged into their judgment of divorce provided as relevant to this appeal that plaintiff was entitled to a share of defendant’s pension benefits “until her death or remarriage, or [defendant’s] death,” whichever occurred first. Although plaintiff remarried in August 1995, defendant’s attorney executed a qualified domestic relations order (QDRO) that was entered in February 1996. The QDRO did not provide that plaintiff’s entitlement to a share of defendant’s pension would terminate upon her remarriage. In April 2016, defendant filed his retirement documents with the New York State and Local Retirement System and discovered the existence of the QDRO. Shortly thereafter, he moved for, inter alia, an order vacating the QDRO inasmuch as it is inconsistent with the separation agreement. In appeal No. 1, defendant, as limited by his brief, contends that Supreme Court erred in denying that part of his motion seeking to vacate the QDRO and, in appeal No. 2, he contends that the court erred in denying his motion for, inter alia, leave to renew his prior motion.
 

 In appeal No. 1, we agree with defendant that the court erred in denying that part of his motion seeking to vacate the QDRO. “A QDRO obtained pursuant to a separation agreement ‘can convey only those rights . . . which the parties [agreed to] as a basis for the judgment’ ” (Duhamel v Duhamel [appeal No. 1], 4 AD3d 739, 741 [4th Dept 2004], quoting McCoy v Feinman, 99 NY2d 295, 304 [2002]). Thus, it is well established that “a court errs in granting ... a QDRO more expansive than an underlying written separation agreement” (McCoy, 99 NY2d at 304; see Duhamel, 4 AD3d at 741), regardless whether the parties or their attorneys approved the QDRO without objecting to the inconsistency (see Page v Page, 39 AD3d 1204, 1205 [4th Dept 2007]). Under such circumstances, the court has the authority to vacate or amend the QDRO as appropriate to reflect the provisions of the separation agreement (see Beiter v Beiter, 67 AD3d 1415, 1417 [4th Dept 2009]). Here, the QDRO should never have been entered in the first instance because the clear and unambiguous language of the separation agreement provided that plaintiff’s rights in defendant’s pension benefits had terminated upon her remarriage.
 

 We reject plaintiff’s contention that defendant is barred by laches from seeking to vacate the QDRO. “The defense of laches requires both delay in bringing an action and a showing of prejudice to the adverse party” (Beiter, 67 AD3d at 1416 [internal quotation marks omitted]; see Matter of Sierra Club v Village of Painted Post, 134 AD3d 1475, 1476 [4th Dept 2015]). Even assuming, arguendo, that there was a delay in seeking to vacate the QDRO, we conclude that plaintiff has not demonstrated that she was prejudiced by that delay (see Sierra Club, 134 AD3d at 1476; Beiter, 67 AD3d at 1416). We therefore reverse the amended order in appeal No. 1 insofar as appealed from and grant that part of defendant’s motion seeking to vacate the QDRO.
 

 We conclude that the appeal from the order in appeal No. 2 must be dismissed as moot in light of our determination in appeal No. 1 (see McCabe v CSX Transp., Inc., 27 AD3d 1150, 1151 [4th Dept 2006]).
 

 Present—Whalen, P.J., Peradotto, DeJoseph, NeMoyer and Troutman, JJ.