Reber v Reber (2019 NY Slip Op 04557)





Reber v Reber


2019 NY Slip Op 04557


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


345 CA 18-01878

[*1]ANNE M. REBER, PLAINTIFF-RESPONDENT,
v
JAMES REBER, DEFENDANT-APPELLANT. 






KAMAN, BERLOVE, MARAFIOTI, JACOBSTEIN & GOLDMAN, LLP, ROCHESTER (RICHARD GLEN CURTIS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOAN de R. O'BYRNE, ROCHESTER (MICHAEL STEINBERG OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Monroe County (Gail Donofrio, J.), entered March 28, 2018. The order, insofar as appealed from, denied that part of the motion of defendant seeking an order directing plaintiff to transfer to him the sum of $32,828.35. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in part, and plaintiff is directed to transfer to defendant the sum of $32,828.35.
Memorandum: The parties divorced in 2013, and a stipulation of settlement that was incorporated, but not merged, into their judgment of divorce provided, as relevant to this appeal, that plaintiff was entitled to approximately $71,000 from defendant's 401(k) account, to be transferred as soon as possible after the signing of the judgment of divorce. The parties subsequently executed a qualified domestic relations order (QDRO), which provided that plaintiff would receive $71,167 from defendant's 401(k) account. When defendant's employer fulfilled the QDRO, however, it transferred to plaintiff a total of $103,995.35, which was comprised of the amount set forth in the QDRO, i.e., $71,167, plus the gains that accrued on that amount after the date the divorce action was commenced, i.e., $32,828.35. Thereafter, defendant moved for, inter alia, an order directing plaintiff to transfer to him $32,828.35. Supreme Court denied the motion, and we now reverse the order insofar as appealed from and direct plaintiff to return that amount to defendant.
"A QDRO obtained pursuant to a [stipulation of settlement] can convey only those rights which the parties [agreed to] as a basis for the judgment' " (Duhamel v Duhamel [appeal No. 2], 4 AD3d 739, 741 [4th Dept 2004]). Thus, "a court errs in granting a domestic relations order encompassing rights not provided in the underlying stipulation" (McCoy v Feinman, 99 NY2d 295, 304 [2002]; see Santillo v Santillo, 155 AD3d 1688, 1688 [4th Dept 2017]). A stipulation of settlement that is incorporated, but not merged, into the judgment of divorce " is a contract subject to the principles of contract construction and interpretation' " (Anderson v Anderson, 120 AD3d 1559, 1560 [4th Dept 2014], lv denied 24 NY3d 913 [2015]; see Walker v Walker, 42 AD3d 928, 928 [4th Dept 2007], lv dismissed 9 NY3d 947 [2007]). If the stipulation of settlement is " complete, clear, and unambiguous on its face[, it] must be enforced according to the plain meaning of its terms' " (Anderson, 120 AD3d at 1560). Here, the stipulation of settlement clearly and unambiguously made no provision for plaintiff to receive gains or losses on the amount that the stipulation of settlement specified would be transferred to her. Thus, plaintiff is not entitled to any gains on that amount that accrued after the divorce action commenced, and defendant is entitled to the return of the $32,828.35. We therefore reverse the order insofar as appealed from, and grant that part of defendant's motion seeking an order directing plaintiff to transfer to him the sum of $32,828.35.
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court