Taberski v Taberski (2021 NY Slip Op 04804)





Taberski v Taberski


2021 NY Slip Op 04804


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, WINSLOW, AND BANNISTER, JJ.


249 CA 20-00272

[*1]JENNIFER A. TABERSKI, PLAINTIFF-RESPONDENT,
v
TIMOTHY J. TABERSKI, DEFENDANT-APPELLANT. 






COLE, SORRENTINO, HURLEY, HEWNER & GAMBINO, P.C., BUFFALO (DONNA L. HASLINGER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SAKOWSKI & MARKELLO, LLP, ELMA (JOSEPH SAKOWSKI OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Genesee County (Charles N. Zambito, A.J.), entered December 30, 2019. The order, insofar as appealed from, denied that part of the motion of defendant seeking to recoup a lump sum payment from plaintiff. 
It is hereby ORDERED that the order insofar as appealed from is reversed on the law without costs, the motion is granted in its entirety, and the matter is remitted to Supreme Court, Genesee County, for further proceedings in accordance with the following memorandum: Plaintiff and defendant were divorced pursuant to a judgment entered in February 2009 that incorporated but did not merge a stipulation of the parties that, inter alia, provided that plaintiff would receive her marital share of defendant's retirement benefits under the New York State and Local Retirement System (NYSLRS) pursuant to the Majauskas formula (see Majauskas v Majauskas, 61 NY2d 481, 489-491 [1984]). A Domestic Relations Order (DRO) was filed in December 2010. In December 2011, defendant received a letter from NYSLRS approving the submitted DRO. The letter stated that the DRO was "silent" regarding what would happen if defendant retired under a disability and that NYSLRS would calculate plaintiff's distribution using the disability retirement allowance, which was apparently pursuant to its standard policy. Defendant retired in August 2016 and filed a disability retirement application at the same time. The parties began receiving their respective shares of defendant's service retirement benefit soon thereafter, but it was not until February 2019 that NYSLRS approved defendant's disability retirement application, retroactive to his retirement date. The resulting lump sum retroactive payment and increased monthly benefits were both apportioned between plaintiff and defendant. Before the retroactive payment was distributed, defendant's attorney contacted plaintiff and put her on notice that defendant was disputing her entitlement to a portion of defendant's disability retirement benefit.
In August 2019, defendant moved to amend the DRO to specify that plaintiff was not entitled to any portion of his disability retirement benefit and to recoup the retroactive payment via a reduction in plaintiff's monthly benefits. Supreme Court granted defendant's motion to the extent that it sought to amend the DRO to specify that plaintiff was entitled only to the service retirement benefit payments, retroactive to the date the motion was filed. The court further held, however, that under the doctrine of laches defendant was not entitled to recoup the retroactive payment made to plaintiff when the disability retirement application was approved in 2019. Defendant now appeals from the order insofar as it denied that part of his motion seeking recoupment of the retroactive payment.
We agree with defendant that the court abused its discretion in determining that the doctrine of laches applies to this case (see generally Capruso v Village of Kings Point, 23 NY3d 631, 642 [2014]), and we therefore reverse the order insofar as appealed from, grant defendant's motion in its entirety, and remit the matter for the preparation of an amended DRO. "Laches is defined as such neglect or omission to assert a right as, taken in conjunction with the lapse of [*2]time, more or less great, and other circumstances causing prejudice to an adverse party, operates as a bar in a court of equity . . . The essential element of this equitable defense is delay prejudicial to the opposing party" (Matter of Schulz v State of New York, 81 NY2d 336, 348 [1993] [internal quotation marks omitted]). "The mere lapse of time, without a showing of prejudice, will not sustain a defense of laches" (Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 816 [2003], cert denied 540 US 1017 [2003]).
Here, the court found that defendant should have sought to amend the DRO in 2011, after receiving the letter from NYSLRS. But at that time, defendant was not eligible for and had not applied for a disability retirement. When his disability retirement application was approved in February 2019 and defendant became aware that plaintiff's distribution would accordingly increase, he promptly moved to amend the DRO. Moreover, even if there was a delay here, plaintiff utterly failed to make a showing of prejudice (see Santillo v Santillo, 155 AD3d 1688, 1689 [4th Dept 2017]; Denaro v Denaro, 84 AD3d 1148, 1149-1150 [2d Dept 2011], lv dismissed 17 NY3d 921 [2011]; Beiter v Beiter, 67 AD3d 1415, 1416 [4th Dept 2009]). The court's determination that plaintiff "relied to her detriment upon [d]efendant's apparent acquiescence to [the ]NYSLRS disability benefit determination" has no basis in the record. Plaintiff was aware that defendant was disputing her entitlement to the disability retirement allowance before she ever received the retroactive payment.
All concur except Nemoyer and Bannister, JJ., who dissent and vote to affirm in the following memorandum: We respectfully dissent. Contrary to the majority, we conclude that Supreme Court did not abuse its discretion in denying defendant's motion insofar as it sought recoupment of the retroactive disability retirement payment made by the New York State and Local Retirement System (NYSLRS) to plaintiff (see generally D'Amato v D'Amato, 132 AD3d 1424, 1425 [4th Dept 2015]). Because the parties' Domestic Relations Order (DRO) was silent as to the payout distribution if defendant was to retire under a disability, and because the parties and counsel knew that the NYSLRS and the State Comptroller interpreted the DRO as authorizing NYSLRS to calculate plaintiff's distribution using defendant's disability retirement allowance, we conclude that plaintiff was entitled to receive the retroactive payment for the time period that it represented. We note in particular that defendant did not move to amend the DRO until more than eight years after the DRO was filed and the NYSLRS interpretation was issued, and several months after distribution of the funds to plaintiff had already occurred.
The majority appears to credit the statements of defendant's counsel that he contacted plaintiff by letter and email before defendant filed his motion. However, there is no such email or letter in the record to support that assertion. In our view, there is no proof in this record that plaintiff was on notice any earlier than August 2019, when defendant filed his motion, that defendant intended to contest the DRO and the Comptroller's interpretation of it. Therefore, we conclude that it was within the court's discretion to hold that defendant was barred from recouping the retroactive payment made to plaintiff (see generally Capruso v Village of Kings Point, 23 NY3d 631, 641-642 [2014]).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court