Mussmacher v Mussmacher (2021 NY Slip Op 07413)





Mussmacher v Mussmacher


2021 NY Slip Op 07413


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


1009 CA 21-00616

[*1]KATHLEEN M. MUSSMACHER, NOW KNOWN AS KATHLEEN M. WINTERS, PLAINTIFF-RESPONDENT,
v
RICHARD C. MUSSMACHER, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 






NORMAN L. MASTROMORO, BROADALBIN, FOR DEFENDANT-APPELLANT. 
KATHLEEN M. WINTERS, PLAINTIFF-RESPONDENT PRO SE. 


 Appeal from a judgment of the Supreme Court, Oneida County (Erin P. Gall, J.), entered March 30, 2021 in a divorce action. The judgment awarded plaintiff a money judgment of $75,804.08, plus interest. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing the amount of the award to $52,325.93, plus interest commencing January 7, 2021 and as modified the judgment is affirmed without costs.
Memorandum: Plaintiff wife and defendant husband were divorced by a judgment entered in 1994 in Supreme Court, Fulton County. The judgment of divorce incorporated but did not merge the parties' written stipulation providing that defendant's pension plan shall be divided between the parties in accordance with the Majauskas formula (see Majauskas v Majauskas, 61 NY2d 481, 489-491 [1984]). Although a qualified domestic relations order (QDRO) was entered in Supreme Court, Fulton County, shortly thereafter, it apparently was never sent to defendant's employer, Niagara Mohawk Power Corporation (Niagara Mohawk). Defendant retired in 2003 after 32 years at Niagara Mohawk. At that time, his pension was in the "National Grid Incentive Thrift Plan II," with an option of "a maximum 10-year distribution period to commence at the election of, and in amounts determined by, the participant." Defendant elected to commence distributions in 2010, and the lump sum amount of his pension was transferred to Vanguard Fiduciary Trust Company (Vanguard) and distributed to him in approximately $25,000 increments until it was depleted at the end of 2018.
On July 29, 2019, plaintiff filed a motion in Supreme Court, Oneida County, seeking "retroactive arrearages" due and owing to her from defendant's pension. After a hearing, Supreme Court issued a judgment awarding plaintiff the amount of $75,804.08, representing plaintiff's Majauskas share of the lump sum distribution of defendant's pension that was transferred to Vanguard in 2010, plus interest. We now modify.
Defendant first contends that the court erred in denying his cross motion to transfer the matter to Supreme Court, Fulton County. We agree with defendant that plaintiff should have filed her motion in that county, where the judgment of divorce was entered, rather than Oneida County, which is in a different judicial district and not contiguous to Fulton County (see CPLR 105 [r]; 2212 [a]). Nevertheless, under the circumstances of this case, the court did not err in denying the cross motion. Initially, inasmuch as Supreme Court has statewide jurisdiction, the filing of the motion in Oneida County was not a jurisdictional defect (see Moran v Moran, 77 AD3d 443, 446 [1st Dept 2010]; Cwick v City of Rochester, 54 AD2d 1078, 1079 [4th Dept 1976]). To enforce the terms of a stipulation that is incorporated but not merged into a judgment of divorce, a party can either commence a plenary action or move to enforce the judgment (see Campello v Alexandre, 155 AD3d 1381, 1381-1382 [3d Dept 2017]; Anderson v Anderson, 153 [*2]AD3d 1627, 1628 [4th Dept 2017]; Gunsberg v Gunsberg, 173 AD2d 232, 232 [1st Dept 1991]). Plaintiff chose the latter option, but the court, and this Court, had the authority to convert the motion to a plenary action (see CPLR 103 [c]; Matter of State of New York [Essex Prop. Mgt., LLC], 152 AD3d 1169, 1170-1171 [4th Dept 2017]; Didley v Didley, 194 AD2d 7, 11 [4th Dept 1993]). Inasmuch as the plenary action could have been filed in Supreme Court, Oneida County, there is no reason to reverse the judgment on appeal and transfer the matter to Supreme Court, Fulton County.
We reject defendant's contention that the judgment on appeal should be reversed on the ground of laches. That defense " 'requires both delay in bringing an action and a showing of prejudice to the adverse party' " (Beiter v Beiter, 67 AD3d 1415, 1416 [4th Dept 2009]; see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 816 [2003], cert denied 540 US 1017 [2003]; Santillo v Santillo, 155 AD3d 1688, 1689 [4th Dept 2017]; Denaro v Denaro, 84 AD3d 1148, 1149-1150 [2d Dept 2011], lv dismissed 17 NY3d 921 [2011]). We agree with defendant that there was an extensive delay by plaintiff in bringing the motion. Defendant, however, failed to make the requisite showing that he was prejudiced by plaintiff's delay in moving to enforce the terms of the stipulation (see Beiter, 67 AD3d at 1416; see generally Matter of Sierra Club v Village of Painted Post, 134 AD3d 1475, 1476 [4th Dept 2015]).
We agree with defendant, however, that the court improperly calculated the amount owing to plaintiff because the statute of limitations applies to plaintiff's motion seeking arrearages for her share of defendant's pension (see Bielecki v Bielecki, 106 AD3d 1454, 1454-1455 [4th Dept 2013], lv dismissed 22 NY3d 909 [2013], lv dismissed 25 NY3d 1035 [2015], rearg denied 26 NY3d 945 [2015]; see generally Tauber v Lebow, 65 NY2d 596, 598 [1985]). It is well settled that "[a] stipulation of settlement that is incorporated, but not merged, into the judgment of divorce is a contract subject to the principles of contract construction and interpretation" (Reber v Reber, 173 AD3d 1651, 1652 [4th Dept 2019] [internal quotation marks omitted]), and an action seeking money damages for violation of a separation agreement is subject to the six-year statute of limitations for breach of contract actions (see Woronoff v Woronoff, 70 AD3d 933, 934 [2d Dept 2010], lv denied 14 NY3d 713 [2010]). Contrary to the court's determination, it is irrelevant that plaintiff sought the arrearages by way of motion rather than by commencement of a plenary action. Although motions to enforce the terms of a stipulation are not subject to the statute of limitations (see Denaro, 84 AD3d at 1149; Fragin v Fragin, 80 AD3d 725, 725 [2d Dept 2011]; Beiter, 67 AD3d at 1416-1417), in this case plaintiff was seeking arrearages, or money damages, for the amounts that she did not receive because the QDRO was never received by Niagara Mohawk. When a party is seeking arrearages or a money judgment, the statute of limitations applies whether a party commences a plenary action (see Tauber, 65 NY2d at 597-598; Boylan v Dodge, 42 AD3d 632, 632 [3d Dept 2007]) or, as here, simply moves for that relief (see Bielecki, 106 AD3d at 1455).
Thus, we conclude that plaintiff's claim is timely only to the extent that she seeks her share of pension payments made within six years prior to her motion filed on July 29, 2019. The financial records submitted by defendant show a balance of $127,983.20 in the Vanguard account as of October 1, 2013, which is the closest date to July 29, 2013 that is in the record. The record further establishes that defendant was employed at Niagara Mohawk for 32 years, or 384 months, and that he was employed there for 314 months during the marriage. Using the Majauskas formula, we conclude that plaintiff is entitled to a judgment in the amount of $52,325.93, plus interest, and we therefore modify the judgment accordingly.
We have considered defendant's remaining contentions and conclude that they are without merit.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court