Robert Owen Lehman Found., Inc. v Israelitische Kultusgemeinde Wien (2022 NY Slip Op 07346)

Robert Owen Lehman Found., Inc. v Israelitische Kultusgemeinde Wien

2022 NY Slip Op 07346

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, WINSLOW, AND MONTOUR, JJ.

802 CA 22-00165

[*1]ROBERT OWEN LEHMAN FOUNDATION, INC., PLAINTIFF-APPELLANT,
v
ISRAELITISCHE KULTUSGEMEINDE WIEN, MICHAEL BAR, ROBERT RIEGER TRUST, JACOB BARAK, AS TRUSTEE OF THE ROBERT RIEGER TRUST, SUSAN ZIRKL MEMORIAL FOUNDATION TRUST, AND MICHAEL D. LISSNER, AS TRUSTEE OF THE SUSAN ZIRKL MEMORIAL FOUNDATION TRUST, DEFENDANTS-RESPONDENTS. 

NIXON PEABODY LLP, ROCHESTER (THADDEUS J. STAUBER OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
DUNNINGTON BARTHOLOW & MILLER LLP, NEW YORK CITY (RAYMOND J. DOWD OF COUNSEL), FOR DEFENDANTS-RESPONDENTS MICHAEL BAR, ROBERT RIEGER TRUST, AND JACOB BARAK, AS TRUSTEE OF THE ROBERT RIEGER TRUST.
BAKER & HOSTETTER LLP, NEW YORK CITY (OREN J. WARSHAVSKY OF COUNSEL), FOR DEFENDANTS-RESPONDENTS SUSAN ZIRKL MEMORIAL FOUNDATION TRUST, AND MICHAEL D. LISSNER, AS TRUSTEE OF THE SUSAN ZIRKL MEMORIAL FOUNDATION TRUST.

 Appeal from an order of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered January 5, 2022. The order, among other things, denied the motion of plaintiff for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating those parts that determined that laches is not available to plaintiff as an affirmative defense against the counterclaim of defendants Michael Bar, Robert Rieger Trust, and Jacob Barak, as Trustee of the Robert Rieger Trust, and dismissed plaintiff's affirmative defense of laches as against those defendants, and reinstating that affirmative defense and as modified the order is affirmed without costs.
Memorandum: This litigation concerns a portrait made in 1917 by Austrian artist Egon Schiele of his wife, Edith. Art collector Robert Lehman, Sr., purchased that artwork in 1964 from an art gallery in London, England. Later that year, he gave the artwork to his son, Robert Owen Lehman (Robin), who, in 2016, gave the artwork to plaintiff, Robin's eponymous foundation. After plaintiff consigned the artwork to Christie's for auction, two groups asserted competing claims of ownership of the artwork, alleging that the artwork left the possession of its rightful owner during the Holocaust. Defendant Susan Zirkl Memorial Foundation Trust claims ownership of the artwork as an heir of Karl Maylander. Defendant Robert Rieger Trust and defendant Michael Bar claim ownership as heirs of Heinrich Rieger.
Plaintiff commenced this action seeking, inter alia, a declaration that it is the rightful owner of the artwork. Susan Zirkl Memorial Foundation Trust and defendant Michael D. Lissner, as Trustee of the Susan Zirkl Memorial Foundation Trust (collectively, Maylander defendants), answered and asserted counterclaims to reclaim the artwork. Robert Rieger Trust, Bar, and defendant Jacob Barak, as Trustee of the Robert Rieger Trust (collectively, Rieger defendants), likewise answered and asserted, inter alia, counterclaims to reclaim the artwork. [*2]Plaintiff replied to defendants' counterclaims, asserting among its affirmative defenses that the counterclaims were barred by the doctrine of laches.
Plaintiff thereafter moved for summary judgment on the amended complaint and dismissing defendants' counterclaims. The Maylander defendants cross-moved for summary judgment in their favor. In deciding the motion and cross motion, Supreme Court held that laches was not available to plaintiff as an affirmative defense against the claims of either group of defendants. The court therefore denied plaintiff's motion, granted the cross motion insofar as it sought dismissal of plaintiff's laches affirmative defense against the Maylander defendants and, inter alia, dismissed plaintiff's laches affirmative defense against the Rieger defendants. Plaintiff appeals, contending that the court improperly concluded that laches was not available as an affirmative defense and that, as a result, the court erred in granting the cross motion with respect to plaintiff's laches affirmative defense, dismissing plaintiff's laches affirmative defense against the Rieger defendants, and denying the motion.
As an initial matter, we agree with plaintiff that the Holocaust Expropriated Art Recovery Act of 2016 (Pub L 114-308, 130 US Stat 1524 [114th Cong, 2d Sess, Jan. 6, 2016]) does not preclude plaintiff from asserting a laches defense to defendants' claims (see Zuckerman v Metropolitan Museum of Art, 928 F3d 186, 196 [2d Cir 2019], cert denied — US &mdash, 140 S Ct 1269 [2020]). Contrary to plaintiff's further contention, however, we conclude that the court did not err in granting the cross motion insofar as it sought dismissal of plaintiff's laches affirmative defense to the Maylander defendants' counterclaims. The Maylander defendants met their initial burden on the cross motion of establishing that they did not have either actual or constructive knowledge of their claim of ownership of the artwork and thus did not unreasonably delay in pursuing that claim (see generally Matter of Sierra Club v Village of Painted Post, 134 AD3d 1475, 1476 [4th Dept 2015]). In opposition, plaintiff offered only speculation and conjecture with respect to the knowledge possessed by the Maylander defendants' predecessors as to their claim of ownership of the artwork, which is insufficient to raise a triable issue of fact (see Zetes v Stephens, 108 AD3d 1014, 1017 [4th Dept 2013]; Woods v Design Ctr., LLC, 42 AD3d 876, 877 [4th Dept 2007]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Indeed, the record is devoid of evidence that the Maylander defendants' predecessors in interest "inexcusably slept on [their] rights so as to make a decree against [plaintiff] unfair" (Zuckerman, 928 F3d at 193).
The record in this case does not compel us to reach the same conclusion with respect to the Rieger defendants. Unlike the Maylander defendants, there is evidence in the record that the Rieger defendants' predecessors in interest had at least some knowledge about the collection of artwork stolen from their ancestor inasmuch as they made several restitution claims pertaining to it in the years following World War II. There is no evidence in the record, however, that the Rieger defendants' predecessors reached out to the London art gallery that exhibited and sold the subject artwork or, in the decades that followed, to either Robin or the publisher of a 1990 catalog of Schiele's work that included the subject artwork. Based on the foregoing, we conclude that triable issues of fact exist with respect to whether the Rieger defendants delayed in asserting their claim despite having the opportunity to do so (see Zuckerman, 928 F3d at 193-195; see generally Sierra Club, 134 AD3d at 1476). We therefore agree with plaintiff that the court erred in determining that laches is not available to it as a defense against the claims of the Rieger defendants and in dismissing plaintiff's affirmative defense of laches to the Rieger defendants' counterclaims, and we modify the order accordingly. Based on our conclusions herein, we reject plaintiff's further contention that the court erred in denying its motion with respect to the Rieger defendants.
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court