Snyder v Holeva (2024 NY Slip Op 04879)

Snyder v Holeva

2024 NY Slip Op 04879

Decided on October 4, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, DELCONTE, AND HANNAH, JJ.

649 CA 23-02042

[*1]BRYNN N. SNYDER, FORMERLY KNOWN AS BRYNN N. HOLEVA, PLAINTIFF-APPELLANT,
v
BRANDON M. HOLEVA, DEFENDANT-RESPONDENT. 

BAKSHI & LETA, WILLIAMSVILLE (JOSEPH A. LETA OF COUNSEL), FOR PLAINTIFF-APPELLANT.
RJ FRIEDMAN ATTORNEYS, HAMBURG (R.J. FRIEDMAN OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from an order of the Supreme Court, Erie County (Gerald J. Greenan, III, J.), entered November 1, 2023. The order, insofar as appealed from, granted defendant a refund of the overpayment of maintenance. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff wife and defendant husband divorced in 2019 after a six-year, childless marriage. Pursuant to the terms of their separation agreement, which was incorporated but not merged into the judgment of divorce, defendant was obligated to make monthly maintenance payments to plaintiff for 20 months. The maintenance obligation was reduced to an income withholding for support order (wage withholding order) that was served on defendant's employer. Despite the fact that defendant's obligations under the order expressly terminated after 20 months, his employer thereafter continued to withhold the same portion of his income and make monthly payments to plaintiff. Defendant filed a motion in this post-divorce action seeking, inter alia, an order terminating the wage withholding order and directing plaintiff to reimburse him for the overpayment of maintenance. Plaintiff consented to the termination of the wage withholding order, but opposed defendant's request for reimbursement of the maintenance overpayment. Supreme Court granted defendant's motion in part and, inter alia, directed plaintiff to refund him the maintenance overpayment. Plaintiff now appeals, and we affirm.
Contrary to plaintiff's contention, we conclude that the court did not err in granting that part of the motion seeking a refund of the overpayment of maintenance. "Generally, as a matter of public policy, a payor spouse is not entitled to restitution or recoupment of maintenance payments" (Kaplan v Kaplan, 130 AD3d 576, 578 [2d Dept 2015]; see Redgrave v Redgrave, 25 AD3d 973, 974 [3d Dept 2006]; see also Jensen v Jensen, 299 AD2d 959, 960 [4th Dept 2002]). Such policy is grounded on the presumed fact that the money is "deemed to have been devoted to that purpose, and no funds exist from which one may recoup moneys so expended if the award is thereafter reversed or modified" (Radar v Radar, 54 AD3d 919, 920 [2d Dept 2008] [internal quotation marks omitted]; see O'Donnell v O'Donnell, 153 AD3d 1357, 1359 [2d Dept 2017]; Kelly v Kelly, 262 AD2d 944, 944 [4th Dept 1999]). However, courts have carved out exceptions to this general rule in certain circumstances (see generally Arcabascio v Arcabascio, 48 AD3d 606, 606 [2d Dept 2008]; Vigliotti v Vigliotti, 260 AD2d 470, 471 [2d Dept 1999]; cf. generally Weidner v Weidner, 136 AD3d 1425, 1426-1427 [4th Dept 2016], lv dismissed 28 NY3d 1101 [2016], rearg denied & lv dismissed 29 NY3d 990 [2017]).
Here, both parties knowingly entered into the settlement agreement, which, along with the wage withholding order, stated that the maintenance payments to plaintiff ended after 20 months. [*2]Thus, plaintiff knew that she was not entitled to the payments made beyond that point. Moreover, the extra payments were not voluntarily made by defendant; nor were they made pursuant to any court order. Therefore, defendant reasonably believed that the terms of the wage withholding order would be honored by his employer. Plaintiff also makes no claims of undue hardship, and instead simply relies on the general public policy in support of her contention that she is entitled to retain the money overpaid. Under these circumstances, allowing plaintiff to retain the maintenance overpayments made in violation of the wage withholding order would result in a windfall to plaintiff, and the court's award to defendant of the reimbursement of the overpayments does not implicate public policy.
We reject plaintiff's further contention that reimbursement of the overpayments is barred by laches. " 'The defense of laches requires both delay in bringing an action and a showing of prejudice to the adverse party' " (Santillo v Santillo, 155 AD3d 1688, 1689 [4th Dept 2017]; see Taberski v Taberski, 197 AD3d 871, 872-873 [4th Dept 2021]). Even assuming, arguendo, that there was a delay by defendant in seeking to terminate the overpayments, we conclude that plaintiff has not demonstrated that she was prejudiced by that delay (see generally Santillo, 155 AD3d at 1689).
Entered: October 4, 2024
Ann Dillon Flynn
Clerk of the Court